JIM O. KEEF ET AL., APPELLEES, V. STATE OF NEBRASKA,
DEPARTMENT OF MOTOR VEHICLES, APPELLANT.
634 N.W. 2d 751

Filed September 28, 2001. No. S-00-343.

Don Stenberg, Attorney General, Jodi M. Fenner, and, on brief, Jason W. Hayes, for appellant.

David W. Rowe, of Kinsey, Ridenour, Becker & Kistler, and Robert J. Antonello and Robert G. Fegers, of Antonello, Fegers & Cea, and J. Davis Connor and Stephen R. Senn, of Peterson & Myers, P.A., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

The State of Nebraska, Department of Motor Vehicles (State), appeals from a partial summary judgment entered by the district court, which enjoined the State from collecting fees for handicapped parking permits, but reserved the issue of monetary damages for later disposition. Because the district court's partial

summary judgment was not a final, appealable order, we dismiss the State's appeal.

## PROCEDURAL BACKGROUND

Nebraska law provides for the issuance of parking permits for handicapped or disabled persons. See, generally, Neb. Rev. Stat. § 18-1736 et seq. (Reissue 1997 & Cum. Supp. 2000). A fee of $3 is charged for each permit. See § 18-1740(3).

The plaintiffs, on behalf of themselves and all others similarly situated, brought this action against the State, alleging that the permit fee violated title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (1994 & Supp. V 1999) (ADA). The enabling regulations for title II of the ADA provide:

> A public entity may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the [ADA] or this part.

28 C.F.R. § 35.130(f) (2000).

The plaintiffs' petition sought (1) a declaratory judgment that the State cannot lawfully require payment for handicapped parking permits, (2) an injunction preventing the State from requiring payment from future applicants for such parking permits, (3) reimbursement for permit fees to members of the plaintiff class for amounts charged for permits since the effective date of the ADA, and (4) attorney fees and costs. The plaintiffs also sought class certification to represent the approximately 50,000 Nebraskans who use handicapped parking permits.

The parties filed cross-motions for summary judgment on several issues. After hearing, the district court first sustained the plaintiffs' motion for class certification. Reaching the merits of the parties' summary judgment motions, the district court first noted that the State had conceded that Nebraska's handicapped parking permit fee violates the ADA. The district court then determined that Congress, in abrogating state sovereign immunity under the ADA, had acted validly pursuant to U.S. Const. amend. XIV, § 5. The district court rejected the State's argument

that the plaintiffs' action was barred by a statute of limitations, concluding that a statute of limitations cannot limit claims where the defendant is guilty of an ongoing, persistent, and systemic violation of law. See, e.g., *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982). Finally, the district court concluded that injunctive relief was appropriate under the circumstances.

Based on those determinations, the district court entered a partial summary judgment, declaring that the permit fee violated the ADA and its regulations and enjoining the State from charging such a fee. The district court also stated:

> The Court further finds and orders pursuant to Neb. Rev. Stat. § 25-705(6) [Cum. Supp. 1998] that this order of partial summary judgment is a final order on fewer than all of the claims of the plaintiffs and that there is no just reason for delay of an appeal from the entry of this order. The issues of class certification, sovereign immunity, statute of limitations and appropriateness of injunctive relief are all issues that will need appellate review. It would be prudent to allow appellate review of these issues before the Court and counsel expend additional resources in litigating the remaining issues in this lawsuit. . . .

> . . . [P]laintiffs are directed to submit briefing to this court . . . to determine the issues of prejudgment interest, attorney fees, manner of reimbursement, and form of notice to the class concerning reimbursement. . . . In the event an appeal is taken from any portion of this order, the [time to respond] will commence at the resolution of that appeal, if such be consistent with the mandate (if any) of the appellate court.

The State appealed and, as restated, assigned that the district court erred in concluding that (1) the State's sovereign immunity had been appropriately abrogated by the ADA, (2) there was no statute of limitations that would limit the plaintiffs' cause of action, and (3) the plaintiffs should be certified as class representatives.

This court's preliminary review of this appeal raised a question regarding whether the district court's order of partial summary judgment was a final, appealable order. In addition, the

U.S. Supreme Court issued an opinion, after the parties' briefs in this case were filed, addressing whether the ADA was a valid abrogation of state sovereign immunity. See *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). In an order filed July 11, 2001, we directed the parties to file supplemental briefs on the questions whether (1) the district court's partial summary judgment of March 1, 2000, was a final, appealable order pursuant to either Neb. Rev. Stat. § 25-1902 (Reissue 1995) or Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2000) and (2) the district court's decision with respect to sovereign immunity was consistent with the U.S. Supreme Court's decision in *Board of Trustees of Univ. of Ala. v. Garrett, supra.*

The parties filed supplemental briefs, in which they agreed that the district court's partial summary judgment was not a final, appealable order and that this court lacked appellate jurisdiction. On August 28, 2001, the plaintiffs filed a motion to dismiss for lack of appellate jurisdiction, to which the State did not object. On September 4, this court took the plaintiffs' motion under advisement and ordered that the case be submitted without oral argument pursuant to Neb. Ct. R. of Prac. 11B(1) (rev. 2000).

## STANDARD OF REVIEW

■ When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Nebraska Dept. of Health & Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308 (2001). Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Billingsley v. BFM Liquor Mgmt.*, 259 Neb. 992, 613 N.W.2d 478 (2000).

■ For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000). The district court's order of partial summary judgment reserved issues for later disposition, including the issues of monetary damages and attorney fees. The initial issue presented to this court is whether the district court's order was a final order from which an appeal could be taken.

## § 25-1315

Neb. Rev. Stat. § 25-705(6) (Cum. Supp. 1998), now codified at § 25-1315(1), provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ The district court relied upon this statute in attempting to direct the entry of a final judgment. This court has determined, however, that a "claim for relief" within the meaning of § 25-1315(1) is equivalent to a separate cause of action, as opposed to a separate theory of recovery. See *Chief Indus. v. Great Northern Ins. Co.*, 259 Neb. 771, 612 N.W.2d 225 (2000). Thus, by its terms, § 25-1315(1) is implicated only where multiple causes of action are presented or multiple parties are involved, and a final judgment is entered as to one of the parties

or causes of action. See, *Chief Indus. v. Great Northern Ins. Co.,
supra*; *Scottsdale Ins. Co. v. City of Lincoln, supra.* Those con-
ditions are not satisfied in the instant case.

It is initially evident that there is only one defendant—
the State—and that the partial summary judgment entered by
the trial court did not resolve all issues pertaining to the State.
Neither does this case present multiple causes of action. A
cause of action consists of the fact or facts which give one a
right to judicial relief against another; a theory of recovery is
not itself a cause of action. *Gestring v. Mary Lanning Memorial
Hosp.*, 259 Neb. 905, 613 N.W.2d 440 (2000). Thus, two or
more claims in a petition arising out of the same operative facts
and involving the same parties constitute separate legal the-
ories, either of liability or damages, and not separate causes of
action. *Id.* Whether more than one cause of action is stated
depends mainly upon (1) whether more than one primary right
or subject of controversy is presented, (2) whether recovery on
one ground would bar recovery on the other, (3) whether the
same evidence would support the different counts, and (4)
whether separate causes of action could be maintained for sep-
arate relief. *Id.*

In the instant case, it is clear that the plaintiffs' ADA claim
presents one cause of action, in which they have requested
declaratory and injunctive relief and compensatory damages.
Since the plaintiffs' petition presents only one cause of action,
§ 25-1315(1) is not implicated.

We take this opportunity to remind trial courts and the prac-
ticing bar that § 25-1315 permits a judgment to become final
only under the limited circumstances set forth in the statute.
Prior to the enactment of § 25-1315, an order that effected a dis-
missal with respect to one of multiple parties was a final,
appealable order, and the complete dismissal with prejudice of
one of multiple causes of action was a final, appealable order,
but an order dismissing one of multiple theories of recovery, all
of which arose from the same set of operative facts, was not a
final order for appellate purposes. See, generally, *Tess v.
Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997).
Section 25-1315 was an evident attempt by the Legislature to
simplify the issue and clarify many of the questions regarding

final orders when there are multiple parties and claims. See *Bargmann v. State*, 257 Neb. 766, 600 N.W.2d 797 (1999).

Section 25-1315 does not, however, provide "magic words," the invocation of which transforms any order into a final judgment for purposes of appeal. As previously noted, § 25-1315(1) is implicated only where multiple causes of action are presented or multiple parties are involved and a final judgment is entered as to one of the parties or causes of action. Because those conditions were not present in this case, the district court's order of partial summary judgment could not be a final judgment pursuant to § 25-1315(1).

### § 25-1902

Although the district court's invocation of § 25-1315 was ineffective, the question remains whether a final order is presented as defined in § 25-1902. That section provides that an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. See, *id.*; *Bargmann v. State, supra.* It is clear that this case presents neither the first nor the third category. See, generally, *Charles Vrana & Son Constr. v. State*, 255 Neb. 845, 587 N.W.2d 543 (1998). Thus, we are presented with the question whether the district court's partial summary judgment was an order affecting a substantial right made in a special proceeding.

The most significant effect of the district court order was that it enjoined the State from the collection of permit fees. For purposes of this appeal, we assume, without deciding, that the district court order affected a substantial right of the State. When an order affects the subject matter of the litigation, by diminishing a claim or defense available to a defendant, this affects a substantial right. *Airport Auth. of Village of Greeley v. Dugan*, 259 Neb. 860, 612 N.W.2d 913 (2000).

The partial summary judgment issued in this case, however, was not a special proceeding. Generally, a "special proceeding" entails civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *Slaymaker v. Breyer*, 258 Neb. 942, 607 N.W.2d 506 (2000). In *O'Connor v.*

*Kaufman,* 255 Neb. 120, 582 N.W.2d 350 (1998), the defendants appealed from a district court order which, like the order in the instant case, established liability and a permanent injunction but reserved the issue of monetary damages for later disposition. In determining whether the partial summary judgment entered in that case was a special proceeding within the meaning of § 25-1902, we stated that

> " '[a] special proceeding within the meaning of the statute defining a final order must be one that is not an action and is not and cannot be legally a step in an action as part of it. None of the many steps or proceedings necessary or permitted to be taken in an action to commence it, to join issues in it, and conduct it to a final hearing and judgment can be a special proceeding within the terms of the statute.' "

*O'Connor v. Kaufman,* 255 Neb. at 123, 582 N.W.2d at 353. We concluded that

> while a motion for partial summary judgment is not in and of itself an "action," such an order is merely a step or proceeding within the overall action. The grant of a motion for partial summary judgment merely resolves one or several of the issues involved in the entire action or the "main case." . . . A motion for partial summary judgment is not a special remedy or a special application to the court, as is a special proceeding, but, rather, is merely one particular tool that may be used to resolve certain issues in the case. Therefore, we find that the district court's order was not a final, appealable order under the second category because the motion for partial summary judgment did not involve a special proceeding.

*Id.* at 124, 582 N.W.2d at 353-54.

Our decision in *O'Connor v. Kaufman, supra,* is controlling in the instant case. Even though the basis for the plaintiffs' underlying cause of action is found in the U.S. Code, and thus well outside chapter 25 of the Nebraska Revised Statutes, the partial summary judgment rendered by the district court, like the order at issue in *O'Connor v. Kaufman,* was merely a step or proceeding within the overall action. Consequently, it was not a special proceeding within the meaning of § 25-1902.

 Neither are the aspects of the district court's order dealing with class certification or the statute of limitations final and appealable under § 25-1902. The district court's approval of class certification did not affect a substantial right. Compare *Lake v. Piper, Jaffray & Hopwood Inc.*, 212 Neb. 570, 324 N.W.2d 660 (1982) (stating that denial of class action status did not affect substantial right because merits of claim were not determined). Furthermore, the availability of a class action is encompassed within chapter 25 of the Nebraska Revised Statutes and is not in and of itself an action, but is a step or proceeding within the overall action; therefore, class certification is not a special proceeding. See, Neb. Rev. Stat. § 25-319 (Reissue 1995); *O'Connor v. Kaufman, supra.* Similarly, we have held that an order entered denying relief on a plea of the statute of limitations is to be treated as an interlocutory order and that any error in the ruling made may be presented in an appeal taken after final disposition of the case. *Wulf v. Farm Bureau Ins. Co.*, 188 Neb. 258, 196 N.W.2d 164 (1972). See, also, Neb. Rev. Stat. § 25-221 (Cum. Supp. 2000).

The district court's partial summary judgment was not a final order as defined by § 25-1902, as none of the issues determined by the partial summary judgment were resolved in the context of a special proceeding. As, under the circumstances presented in this case, neither § 25-1315 nor § 25-1902 confers appellate jurisdiction on this court, the State's appeal must be dismissed.

## CONCLUSION

 We are aware that the U.S. Supreme Court held, during the pendency of this appeal, that suits in federal court by state employees by reason of the State's failure to comply with title I of the ADA are barred by U.S. Const. amend. XI. See *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001). However, in the absence of a judgment or final order disposing of a case, an appellate court is without jurisdiction to act and must dismiss the purported appeal. *Billingsley v. BFM Liquor Mgmt.*, 259 Neb. 992, 613 N.W.2d 478 (2000). Because the district court's order of partial summary judgment was not a final, appealable order, we are without jurisdiction to address the substantive issue whether the

district court's determination in the instant case is consistent with *Board of Trustees of Univ. of Ala. v. Garrett, supra*, and we, therefore, dismiss the State's appeal.

APPEAL DISMISSED.