TRI-PAR INVESTMENTS, L.L.C., APPELLANT, V.
COLETTE LYNN SOUSA, FORMERLY KNOWN AS
COLETTE LYNN WOODS, APPELLEE.

640 N.W.2d 371

Filed February 15, 2002.   No. S-00-1166.

Thomas A. Grennan and Donald P. Dworak, of Gross & Welch, P.C., for appellant.

Betty L. Egan and Mark A. Weber, of Walentine, O'Toole, McQuillan & Gordon, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Tri-Par Investments, L.L.C. (Tri-Par), sued Colette Lynn Sousa, formerly known as Colette Lynn Woods, for negligence and breach of lease after a house Sousa rented from Tri-Par was damaged by fire. The district court granted partial summary judgment to Sousa, and Tri-Par appeals.

## SCOPE OF REVIEW

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001).

■ Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Id.*

## FACTS

On April 17, 1996, a fire damaged the house Sousa was renting from Tri-Par. Capt. Ronald LaPour, Omaha Fire Department, stated in an affidavit that he had investigated the fire and determined that it originated in a bedroom in the southeast corner of the basement. LaPour said he observed numerous lighters and matches and other smoking materials scattered throughout the house and that he saw debris in the basement which was approximately 1 foot in depth. The fire was not electrical in origin and was not caused by an act of God, LaPour stated. Tri-Par offered an exhibit containing an estimate which alleged that restoration of the house would cost more than $62,000. Tri-Par's managing partner stated in an affidavit that the company lost $9,000 in rental income after the fire.

Both parties filed motions for summary judgment. On June 30, 2000, the district court granted Sousa's motion to the extent that Tri-Par's case was one of subrogation. All other motions were denied. Tri-Par filed an appeal, which the Nebraska Court

of Appeals dismissed for lack of jurisdiction because the district court's order did not adjudicate all of the claims of all of the parties and was not a final, appealable order under Neb. Rev. Stat. § 25-705(6) (Supp. 1999) (now codified at Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2000)). See *Tri-Par Investments v. Woods*, 9 Neb. App. liii (case No. A-00-785, Sept. 1, 2000). Tri-Par then filed a motion asking the district court to enter an order of final judgment. On October 12, 2000, the district court entered an order, pursuant to § 25-705(6), granting Tri-Par's motion and incorporating its findings of June 30.

## ASSIGNMENT OF ERROR

Tri-Par asserts that the district court erred in granting summary judgment to Sousa, thus barring Tri-Par's insurer from subrogating against her. Tri-Par argues that the district court's decision is incorrect (1) because it is premised on the legal fiction that under a landlord-tenant relationship, the tenant is always constructively presumed to be an implied coinsured under the landlord's insurance policy, and (2) because the facts preclude a finding that Sousa constitutes a coinsured under Tri-Par's insurance policy.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001). Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Id.*

This matter was previously before the Court of Appeals, which dismissed for lack of jurisdiction, finding that the district court's order did not adjudicate all of the claims of the parties and was not a final, appealable order.

When the district court entered its June 30, 2000, order, § 25-705(6) stated:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only

upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The order reviewed by the Court of Appeals in case No. A-00-785 granted partial summary judgment to Sousa, stating:

To the extent that [Tri-Par]'s case is one of subrogation, there is no genuine issue of material fact and [Sousa] is entitled to judgment as a matter of law. For those damages asserted by [Tri-Par] that fall outside of subrogated interests, [Sousa]'s motion for summary judgment is overruled on both causes of action. [Tri-Par]'s motion for summary judgment is overruled.

The Court of Appeals dismissed case No. A-00-785 on September 1, 2000, and the mandate was issued on October 6. On October 10, Tri-Par filed a motion for entry of final judgment, in which it asked the district court to enter a final judgment as to the court's order of June 30. On October 12, the district court entered an order finding "no just reason for delaying the entry of a final judgment with respect to this Court's Order of June 30, 2000[,] granting summary judgment in favor of the Defendants [sic] to the extent that the Plaintiff's claim is one of subrogation." The district court stated that the parties should not be required to wait to have the summary judgment finalized, and the court "expressly direct[ed] the entry of" an order of final judgment with respect to the summary judgment order of June 30. No further evidence was offered or received prior to entry of the district court's judgment.

We conclude that the district court erred in expressly directing entry of an order of final judgment. The operative petition before us names one party plaintiff and one party defendant. Tri-Par seeks relief for the fire damage and loss of rent based upon two theories of recovery: negligence and breach of the lease

agreement. There are no separate causes of action but merely two separate theories of recovery. The district court granted partial summary judgment to Sousa "[t]o the extent that [Tri-Par]'s case is one of subrogation."

Section 25-705(6) concerned cases in which more than one claim for relief was raised or where multiple parties were involved. This action involves only Tri-Par and Sousa, and it does not suggest that more than one claim for relief is involved. It is only when more than one claim for relief or multiple parties are involved that the court may direct entry of a final judgment as to fewer than all the claims or parties. Section 25-705(6) specifically provided that an order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not* terminate the action as to any of the claims or parties . . . ." (Emphasis supplied.)

The key fact presented here is that there are neither "multiple claims" nor "multiple parties." Therefore, the district court erred in certifying its order as final for purposes of appeal under the statute in effect at the time of the court's initial order, § 25-705(6), which is now codified at § 25-1315(1). The district court's order of June 30, 2000, was not a final, appealable order, and the court's order of October 12 did not cure the defects of the first order. Therefore, this court lacks jurisdiction to hear the appeal.

## CONCLUSION
We dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.