JEFFREY W. HENERY, SPECIAL ADMINISTRATOR OF THE ESTATE OF
CAROL LEE HENERY, DECEASED, APPELLEE, V. CITY OF OMAHA,
A MUNICIPAL CORPORATION, DEFENDANT AND THIRD-PARTY
PLAINTIFF, APPELLANT AND CROSS-APPELLEE, AND
DOUGLAS L. HENDERSON, THIRD-PARTY DEFENDANT,
APPELLEE AND CROSS-APPELLANT.

641 N.W.2d 644

Filed April 12, 2002. No. S-01-498.

Thomas O. Mumgaard and Michelle Peters for appellant.

Ronald J. Palagi and Steven H. Howard, of the Law Offices of Ronald J. Palagi, for appellee Jeffrey W. Henery.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

During a police pursuit, a motor vehicle driven by Douglas L. Henderson collided with a building, and the vehicle's passenger, Carol Lee Henery (Henery), was killed. Jeffrey W. Henery, the special administrator of Henery's estate (special administrator), filed a petition in the district court for Douglas County alleging that the City of Omaha was liable for damages due to Henery's death by operation of Neb. Rev. Stat. § 13-911 (Reissue 1991) in that Henery was an "innocent third party" whose death was proximately caused by the vehicular pursuit by an Omaha police officer. The city filed an answer generally denying liability. Independently of its answer, the city filed a third-party petition against Henderson, generally alleging that Henderson was responsible for Henery's death and seeking judgment against Henderson in the event the city were found liable for damages for Henery's death.

The district court concluded that Henery was an "innocent third party" within the meaning of § 13-911 and concluded that the city was liable for damages due to Henery's death. The district court entered judgment against the city and in favor of the special administrator of Henery's estate in the amount of $185,211.22. The city appeals from the district court's judgment.

Henderson filed a cross-appeal. We affirm the district court's judgment against the city and in favor of Henery's estate. Due to the lack of a final order as between the city and Henderson, we dismiss Henderson's cross-appeal.

## STATEMENT OF FACTS

The relevant facts are not in dispute. At approximately 1:30 a.m. on July 28, 1991, Omaha police officer Charles Matson, patrolling in a marked police cruiser, observed a vehicle with two occupants driving north on Park Avenue at an excessive rate of speed. It was later determined that Henderson was the vehicle's driver and that Henery was a passenger in the car. Matson estimated that the vehicle was exceeding the posted speed limit by approximately 20 miles per hour. When the vehicle did not slow down, Matson initiated pursuit of Henderson as a speeder and suspected drunk driver.

Henderson turned his vehicle east onto Leavenworth Street. Matson followed in pursuit. Near 19th and Leavenworth Streets, Matson activated his overhead rotating lights. Several times during the police pursuit, he also gave short blasts of his police siren in an attempt to gain Henderson's attention. The parties have stipulated that Henderson was aware or should have been aware of Matson's pursuit and that he was "resisting apprehension by maintaining or increasing his speed, ignoring Officer Matson, or attempting to elude the officer while driving at speeds in excess of those reasonable and proper under the circumstances."

Matson lost sight of Henderson's vehicle after it crested a hill at 16th and Leavenworth Streets. As he approached the same hill, Matson heard screeching tires and a loud crash. Once he had gained the top of the hill, he saw that the vehicle driven by Henderson had left Leavenworth Street near 14th Street, traveled across a vacant lot, and crashed along its passenger side into a brick building.

Henery sustained serious injuries as a result of the accident and died without recovering consciousness. It was later determined that passenger Henery's blood alcohol level was 0.123. The driver, Henderson, was injured in the accident, and although he refused to undergo chemical tests to determine whether he was intoxicated, blood drawn for purposes of medical treatment

was tested and the report listed an alcohol concentration of approximately "25MG/DL."

The parties agree that prior to the accident, Henderson and Henery had spent the evening together visiting bars and consuming alcohol. The parties also agree that at the time of the accident, Henderson was visibly intoxicated, displaying slurred speech and impaired motor functions.

On April 23, 1993, the special administrator of Henery's estate filed a petition in the district court for Douglas County pursuant to the Political Subdivisions Tort Claims Act, § 13-901 et seq. (Reissue 1987). As one of its theories of recovery, the petition alleged that the city was liable for damages due to Henery's death by operation of § 13-911 (Reissue 1991) in that Henery was an innocent third party whose death was proximately caused by the vehicular pursuit by Matson, the Omaha police officer. Section 13-911 provides as follows: "In case of death, injury, or property damage to any innocent third party proximately caused by the action of a law enforcement officer employed by a political subdivision during vehicular pursuit, damages shall be paid to such third party by the political subdivision employing the officer." Section 13-911 defines "vehicular pursuit" as

> an active attempt by a law enforcement officer operating a motor vehicle to apprehend one or more occupants of another motor vehicle, when the driver of the fleeing vehicle is or should be aware of such attempt and is resisting apprehension by maintaining or increasing his or her speed, ignoring the officer, or attempting to elude the officer while driving at speeds in excess of those reasonable and proper under the conditions.

In its amended answer, the city generally denied that it was liable for damages for Henery's death. Independent of its answer, the city filed a third-party petition against Henderson. As later amended, the city's third-party petition alleged that the "sole proximate cause of the collision between the vehicle driven by [Henderson] and the building was the negligence and/or willful disregard and intentional acts of [Henderson]." The city prayed that if the special administrator were awarded a judgment in his suit against the city, the city would receive a judgment against Henderson in the same amount.

The special administrator's petition against the city and the city's third-party petition against Henderson came on for trial on November 13, 2000. The special administrator and the city appeared at trial. Henderson did not appear either personally or through counsel. The trial lasted 2 days. The record contains almost 400 pages of testimony from 14 witnesses. Approximately 65 exhibits were received into evidence.

During the trial, Matson testified that he did not observe Henery commit any crimes and that he was not aware of any reason for Henery to flee from police. He also testified that he had no knowledge that Henery planned or encouraged Henderson's flight from the police. Finally, he testified that he was unaware that Henery "did anything wrong" the morning of July 28, 1991.

In an order filed January 16, 2001, the court concluded that "the requirements of Neb.Rev.Stat. Sec. 13-911, creating . . . liability on the part of [the city] have been met." The court's order further stated that "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT pursuant to Neb.Rev.Stat. Sec. 13-911, the [special administrator] is entitled to a judgment against [the city] in the amount of $185,211.22." The district court's order did not resolve the city's third-party petition against Henderson.

In an order filed April 13, 2001, in accordance with the provisions of Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2000), the district court found that there was no reason to delay the entry of the final judgment in favor of the special administrator and against the city. Accordingly, the district court ordered that the January 16 order was a final judgment as between the special administrator of Henery's estate and the city.

On April 30, 2001, the city filed its notice of appeal from the district court's April 13 order. On May 25, Henderson filed a separate notice of appeal. The city and the special administrator have filed briefs in this appeal. Henderson has not submitted a brief.

## ASSIGNMENT OF ERROR

In its appeal, the city assigns one error. The city claims the district court erred in concluding that Henery was an "innocent third party" within the scope of § 13-911 and in entering judgment against the city and in favor of the special administrator of Henery's estate.

## STANDARD OF REVIEW

 Statutory interpretation presents a question of law. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001); *Hatcher v. Bellevue Vol. Fire Dept.*, 262 Neb. 23, 628 N.W.2d 685 (2001). When an appeal presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Hunt v. Trackwell, supra.*

## ANALYSIS

*Rules of Statutory Construction.*

 This appeal presents a question of statutory construction. When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.*; *Hunt v. Trackwell, supra.*

*Innocent Third Party: § 13-911.*

On appeal, the city does not challenge the district court's conclusions that Matson was in vehicular pursuit of Henderson and that such pursuit was the proximate cause of Henery's death, both of which are statutory requirements which must be met before the city can be found liable for damages under § 13-911. Instead, the city argues that Henery was not an "innocent third party" as that phrase is used in § 13-911 and that, therefore, the city does not owe damages to Henery's estate.

The city correctly notes that "innocent third party" is not defined within the statute. The city claims that when the Legislature enacted § 13-911 and its predecessor, Neb. Rev. Stat. § 25-21,183 (Cum. Supp. 1982), it "intended only to protect persons who were hurt through no fault or negligence of their own." Brief for appellant at 13. The city argues that "the Legislature never expected recovery by actual participants in a vehicular pursuit." *Id.* at 10. According to the city, Henery's estate cannot recover damages because Henery placed herself in

danger by her "own foolish actions." *Id.* at 13. The city's arguments are unavailing in this case.

Section 13-911 imposes liability upon the city for the damages, injuries, or death sustained by an "innocent third party" as a result of vehicular pursuit involving a city law enforcement officer when the pursuit is an attempt by a law enforcement officer "to apprehend one or more occupants of another motor vehicle, when the driver of the fleeing vehicle is . . . resisting apprehension." The word "innocent" used to describe the third party to whom damages shall be paid under § 13-911 qualifies the individual who is not the occupant sought to be apprehended and who is, therefore, not the object of the pursuit. See *id.* As used in § 13-911, "innocent" refers to the third party as distinguished from the "one or more occupants" sought to be apprehended, although the third party may be found in the vehicle being pursued.

Our reading of § 13-911 is consistent with *Stewart v. City of Omaha,* 242 Neb. 240, 494 N.W.2d 130 (1993), in which this court affirmed a decision by the trial court to the effect that a motorcycle passenger who sustained fatal injuries during a police pursuit of the motorcycle's driver was an "innocent third party" within the meaning of the version of § 13-911 then in force and that the city was liable for damages occasioned by the passenger's death. There was no indication in *Stewart* that the motorcycle passenger was the object of apprehension by law enforcement officers.

Following our decision in *Stewart,* the Legislature in 1996 amended § 13-911 to provide for reimbursement to the city from various entities for sums paid under the statute. Despite this court's decision in *Stewart,* the Legislature did not amend § 13-911 to define an "innocent third party." Specifically, the Legislature did not amend the statute to provide that a passenger in a fleeing vehicle being pursued by law enforcement personnel is not an "innocent third party." When a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent. *Creighton St. Joseph Hosp. v. Nebraska Tax Eq. & Rev. Comm.,* 260 Neb. 905, 620 N.W.2d 90 (2000); *Brown v. Kindred,* 259 Neb. 95, 608 N.W.2d 577 (2000).

■ Statutory language is to be given its plain and ordinary meaning. *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001). In the absence of anything to the contrary, an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.*; *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001). We conclude that by its use of the phrase "innocent third party" in § 13-911, the Legislature was concerned with the actions of the third party as those actions may relate to the flight of the driver sought to be apprehended. "Innocent" as used in the statute describes an individual who is a "third party" under § 13-911. An "innocent third party" under § 13-911 is one who has not promoted, provoked, or persuaded the driver to engage in flight from law enforcement personnel and one who is not sought to be apprehended in the fleeing vehicle.

In the instant case, Matson testified that Henery had not done "anything wrong" and that he had no knowledge that she planned or encouraged Henderson's flight from police. There is no evidence that law enforcement attempted to apprehend Henery. Although Henery may have exhibited poor judgment in riding with Henderson, she did not lose her "innocent third party" status under § 13-911 based only on such choice. There is no evidence that Henery participated in, promoted, provoked, or persuaded Henderson to flee from Matson. Accordingly, we conclude, as a matter of law, that Henery was an "innocent third party" within the provisions of § 13-911. We find no merit to the city's sole assignment of error, and we affirm the district court's decision.

Section 13-911 requires the city to pay damages for the death, injury, or property damage sustained by an "innocent third party" proximately caused by the action of a law enforcement officer employed by the city during a vehicular pursuit. To the extent dicta in *Stewart v. City of Omaha*, 242 Neb. 240, 494 N.W.2d 130 (1993), suggest that contributory negligence or assumption of the risk are defenses to a cause of action under § 13-911, such language is disapproved.

*Henderson's Cross-Appeal.*

As noted above, Henderson filed a separate notice of appeal in this case, which we treat as a cross-appeal. Henderson has

failed to file a brief or otherwise indicate from what order he is appealing. See Neb. Ct. R. of Prac. 1E and 9D(4) (rev. 2000). Despite this procedural omission, we have reviewed the record in this appeal and find no final order entered by the district court with regard to the city's third-party petition against Henderson. Absent a final order, this court is without jurisdiction to consider Henderson's cross-appeal. See *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001). Accordingly, we dismiss Henderson's cross-appeal.

### CONCLUSION

Henery was an "innocent third party" within the meaning of § 13-911. We affirm the district court's decision entering judgment against the city and in favor of Henery's estate pursuant to § 13-911 for Henery's death which occurred as a result of a vehicular pursuit by a law enforcement officer of a vehicle in which Henery was a passenger. Because the record does not contain a final, appealable order in the city's case against Henderson, we are without jurisdiction to consider Henderson's cross-appeal.

AFFIRMED. CROSS-APPEAL DISMISSED.