KIM REED, INDIVIDUALLY AND AS PERSONAL ADMINISTRATOR OF THE ESTATE OF ROBIN ABRAHAM, APPELLANT, v. CITY OF OMAHA, NEBRASKA, APPELLEE.

724 N.W.2d 834

Filed December 5, 2006.    No. A-05-206.

John H. Kellogg, Jr., of Kellogg & Palzer, P.C., for appellant.

Thomas O. Mumgaard, Deputy Omaha City Attorney, for appellee.

IRWIN, SIEVERS, and CARLSON, Judges.

SIEVERS, Judge.

Kim Reed, individually and as personal administrator of the estate of Robin Abraham, appeals from the decision of the district court for Douglas County which dismissed her wrongful death claim against the City of Omaha (the City). This appeal involves a case in which a police pursuit resulted in a traffic accident wherein two passengers were killed and whether one of them, Robin Abraham, was an "innocent third party," thus entitling her estate to recover under Neb. Rev. Stat. § 13-911 (Reissue 1997). We affirm the trial court's decision that Abraham was not an innocent third party.

## FACTUAL BACKGROUND

At approximately 4 a.m. on December 8, 2002, in Omaha, Nebraska, Abraham was a back seat passenger in a stolen Lincoln Town Car (Lincoln) driven by Jacob Witt, although it does not appear that Abraham knew the Lincoln was stolen. Also in the Lincoln were Tiffany Bruce, in the front passenger seat, and Amanda Jura, also in the back seat. Abraham, Witt, Bruce, and Jura left a party at a private residence and took the Lincoln to "get more dope." Abraham and Jura were introduced to Witt approximately a half hour before leaving with him in the Lincoln. While in the Lincoln, they drove past a police cruiser driven by Omaha police officer Thomas Deignan. Officer Deignan began to follow the Lincoln, but he did not turn on the cruiser's lights or sirens. Officer Deignan admitted that no traffic violations were committed, but he thought it was strange that young people would be out in an expensive car at 4 o'clock in the morning. Officer Deignan called the police dispatcher to check the Lincoln's license plates, and the dispatcher informed Officer Deignan that the Lincoln was reported stolen. The Lincoln "started to take off," and Officer Deignan declared "pursuit" and turned on the cruiser's lights and sirens. Officer Deignan also radioed for other officers to help in the pursuit. During the pursuit, the Lincoln missed a curve, went over an embankment, and crashed into a tree. Abraham and Jura

died as a result of their injuries. Additional facts will be set forth as necessary in our analysis section.

## PROCEDURAL BACKGROUND

Reed filed a complaint on February 19, 2004. The parties stipulated that Reed satisfied the requirements of the Political Subdivisions Tort Claims Act. Reed's complaint alleged that on December 8, 2002, Abraham was a passenger in a 2001 Lincoln driven by Witt; that Witt was attempting to evade vehicular pursuit by one of the City's law enforcement officers; that as a direct result of Witt's attempt to avoid vehicular pursuit, he lost control of the Lincoln and struck a tree, causing Abraham severe personal injuries and ultimately her death and resulting in damages, both special and general; and that the City is liable under § 13-911, the strict liability statute for injuries or death to innocent third parties caused by police motor vehicle pursuits. The complaint sought judgment against the City for medical expenses incurred prior to Abraham's death; funeral expenses; Abraham's pain and suffering prior to her death; damage suffered by Reed, individually, for the loss of care, comfort, society, and companionship of Abraham; Reed's pecuniary loss; the costs of the action; and all other damages as shown by the evidence.

The City filed an answer on March 9, 2004, denying that Abraham was an innocent third party under § 13-911. The City also alleged that (1) the direct proximate cause of any damage or injury to Abraham and/or her next of kin was the active contributory negligence and/or intentional actions of Witt, over whom the City had no control, and (2) Abraham assumed the risk of sustaining any injuries she suffered by knowingly and voluntarily becoming and remaining a passenger in a stolen Lincoln driven by Witt while he was known to her to be under the influence of and impaired by a drug.

The district court granted the City's motion to bifurcate liability and damages. A trial was held on October 13 and 19, 2004, regarding the liability issue. For purposes of such trial, Reed's case was consolidated with cases brought by or on behalf of the other two passengers, although such cases are not involved in this appeal.

In an order filed January 19, 2005, the trial court found that Abraham was not an " 'innocent third part[y]' within the

contemplation of . . . § 13-911(1)." The trial court found, inter alia, that on the evening of December 7, Abraham and Jura appeared at Bruce's house, where Witt was present; that the four individuals smoked methamphetamine and marijuana and collectively decided that they were going out to buy more drugs; that they left Bruce's house in Witt's stolen Lincoln; that Officer Deignan ran a check on the Lincoln's license plates and found there were no warrants, but that the Lincoln was stolen; that Witt started to " 'take off' " and Officer Deignan began a pursuit; and that the high speed pursuit led to its terminus in a park in Omaha.

The trial court also found that Witt gave inconsistent accounts of the chase. Witt's first statement (and a letter he wrote to Bruce) made no mention of the girls' requesting him to stop, but, rather, Witt said that someone tried to give him directions not to hit a curb. Witt further stated that the girls made comments regarding the license plate check and outstanding warrants. Witt told investigators that Abraham said: "[H]urry up and get away from 'em 'cause I got a warrant, I got a warrant in Sarpy County, and I got a warrant somewhere else." Witt's later testimony, as well as Bruce's testimony, was that after the police started the pursuit, the passengers all sought to dissuade Witt from fleeing. The district court said:

> To the extent that their accounts are inconsistent, the Court concludes that Witt's custodial statement is the most credible version of these events. It was given within hours of the events themselves. It was given by a person who did not know or wasn't focusing on the civil aspects of the case. It was given to interrogators who were concentrating on the criminal side of the case. In sum, it was the most candid, reliable account of those few minutes.

The district court found:

> Abraham was the passenger who told Witt that she had an arrest warrant outstanding. She had charges pending in Douglas County for: failure to appear; driving under suspension; and leaving the scene of a property damage accident. Her statement to Witt conveyed during the time that they were being followed by the police, with knowledge that the police were "running the plates", in light of the facts

recited above, supports an inference that Abraham provoked or advocated Witt to start or to continue his flight.

The district court held that Abraham fell within the category of individuals " 'sought to be apprehended in the fleeing vehicle' " and, thus, was not an innocent third party entitled to recovery under § 13-911(1). The district court dismissed Reed's case with prejudice.

Reed timely appeals the order of the district court.

## ASSIGNMENTS OF ERROR

Reed asserts that the district court erred in (1) finding that Abraham was not an innocent third party protected under the provision of § 13-911(1); (2) finding that the evidence was sufficient to deny Abraham of innocent third party status; (3) finding that Abraham lost her innocent third party status because she was in a stolen vehicle and therefore being pursued, because there is no exception in the statute regarding third parties in stolen vehicles; and (4) interpreting the term "innocent third parties" differently from the Supreme Court's previous interpretation of the term, because the Legislature amended § 13-911 subsequent to this interpretation and did not alter in any way the definition of innocent third party.

## STANDARD OF REVIEW

In actions brought under the Political Subdivisions Tort Claims Act, the findings of the trial court will not be disturbed on appeal unless they are clearly wrong, and when determining the sufficiency of the evidence to sustain the verdict, it must be considered in the light most favorable to the successful party. *Aguallo v. City of Scottsbluff*, 267 Neb. 801, 678 N.W.2d 82 (2004).

When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *City of Gordon v. Ruse*, 268 Neb. 686, 687 N.W.2d 182 (2004).

## ANALYSIS

Reed argues that the district court erred in finding that Abraham was not an innocent third party pursuant to § 13-911(1),

which states: "In case of death, injury, or property damage to any innocent third party proximately caused by the action of a law enforcement officer employed by a political subdivision during vehicular pursuit, damages shall be paid to such third party by the political subdivision employing the officer." In *Henery v. City of Omaha*, 263 Neb. 700, 641 N.W.2d 644 (2002), the Nebraska Supreme Court set out to define the term "innocent third party," because such is not defined by § 13-911. The *Henery* court said:

> We conclude that by its use of the phrase "innocent third party" in § 13-911, the Legislature was concerned with the actions of the third party as those actions may relate to the flight of the driver sought to be apprehended. "Innocent" as used in the statute describes an individual who is a "third party" under § 13-911. An "innocent third party" under § 13-911 is one who has not promoted, provoked, or persuaded the driver to engage in flight from law enforcement personnel and one who is not sought to be apprehended in the fleeing vehicle.

263 Neb. at 707, 641 N.W.2d at 649. Thus, to be an innocent third party, the passenger (1) must not have promoted, provoked, or persuaded the driver to engage in flight from law enforcement personnel and (2) must not be one who is sought to be apprehended in the fleeing vehicle. Either circumstance prevents a finding that a claimant in a police pursuit case was an innocent third party. Thus, a passenger is not an innocent third party if the passenger either (1) has promoted, provoked, or persuaded the driver to engage in flight from law enforcement personnel or (2) is sought to be apprehended in the fleeing vehicle. See *Henery v. City of Omaha, supra.*

> We note that the district court in the instant case said:
> [O]ddly, the conjunctive definition [in *Henery*] of an "innocent third party" would presumably allow a person to recover damages against the City when that person had promoted, provoked, or persuaded the driver to flee, if the evidence also showed that person was not "sought to be apprehended in the fleeing vehicle."

We disagree with such reading of *Henery v. City of Omaha, supra*, because in the final analysis, irrespective of whether the *Henery* court used conjunctive or disjunctive wording, we think

it is clear and logical that the Supreme Court was articulating the two following circumstances under § 13-911 which deprive a passenger of innocent third party status: (1) if the passenger promoted, provoked, or persuaded the driver to engage in flight from law enforcement or (2) if the police sought to apprehend the passenger claimant. Any other reading of § 13-911 and *Henery v. City of Omaha, supra*, would produce an illogical result and frustrate the obvious intent of the statute that those who encourage the driver to flee or are themselves being sought by the police not be rewarded for their behavior. See *Soto v. State*, 269 Neb. 337, 693 N.W.2d 491 (2005) (in construing statute, court must look at statutory objective to be accomplished, problem to be remedied, or purpose to be served, and then place on statute reasonable construction which best achieves purpose of statute, rather than construction defeating statutory purpose). We now examine the district court's finding that Abraham was not an innocent third party under the two-prong test set forth in *Henery v. City of Omaha, supra.*

Whether Abraham promoted, provoked, or persuaded the driver to engage in flight from law enforcement personnel is clearly a finding of fact to be made by the trial court and will not be disturbed on appeal unless clearly wrong. See *Aguallo v. City of Scottsbluff*, 267 Neb. 801, 678 N.W.2d 82 (2004). The district court found:

> Abraham was the passenger who told Witt that she had an arrest warrant outstanding. She had charges pending in Douglas County for: failure to appear; driving under suspension; and leaving the scene of a property damage accident. Her statement to Witt conveyed during the time that they were being followed by the police, with knowledge that the police were "running the plates", in light of the facts recited above, supports an inference that Abraham provoked or advocated Witt to start or to continue his flight.

As stated previously, the trial court acknowledged that Witt gave inconsistent accounts of the chase but found Witt's custodial statement to be the most credible version of events, because it was given within hours of the events themselves. During Witt's police interview on December 8, 2002, he told investigators that Abraham said: "[H]urry up and get away from 'em 'cause I got

a warrant, I got a warrant in Sarpy County, and I got a warrant somewhere else." Also admitted into evidence were a Douglas County bench warrant for Abraham for failure to appear and complaints charging Abraham with driving under suspension, leaving the scene of a property damage accident, and improper lane change—which evidence circumstantially supports the veracity of Witt's original statement to police that Abraham promoted, provoked, or persuaded Witt to flee. Therefore, with this evidence, we affirm the district court's finding that "Abraham provoked or advocated Witt to start or continue his flight," because such finding is not clearly wrong. Thus, Abraham lost her innocent third party status, and her estate is barred from recovering under § 13-911.

We note that there was considerable testimony that police officers routinely seek to apprehend all occupants of a stolen vehicle for a number of reasons—although, there was no evidence that the officers were aware that Abraham was in the Lincoln and was wanted on outstanding warrants. Because we have already found that Abraham was not an innocent third party, we need not address whether this evidence establishes that she was a person who was sought to be apprehended in the fleeing Lincoln. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court need not address issue not necessary to decision).

## CONCLUSION

For the reasons discussed above, we affirm the trial court's decision.

AFFIRMED.