CHRISTOPHER M. PFEIL, APPELLEE, V.
STATE OF NEBRASKA, APPELLANT.
727 N.W.2d 214

Filed February 2, 2007. No. S-05-896.

Earl G. Greene III, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellant.

Terry M. Anderson and Steven M. Lathrop, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Christopher M. Pfeil was injured in an accident with a snow-plow operated by an employee of the State of Nebraska. Pfeil brought suit under the State Tort Claims Act (Act), Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 2003). The State alleged as an affirmative defense that Pfeil failed to comply with the present-ment requirements of the Act. The crux of the State's argument is that the filing of Pfeil's suit in district court acted as a with-drawal of his claim filed on the same day with the State Claims Board (Board), and as a result, the State was not given its statuto-rily permitted 6 months to consider Pfeil's claim. See § 81-8,213. The district court found Pfeil had complied with the Act. The State appeals. As an initial matter, we must consider whether this appeal was taken from a final, appealable order. We conclude that it was not.

## FACTS

Pfeil's claim arises out of an injury he received as the result of an accident which occurred on December 16, 2000, during the course of his employment in Cedar County, Nebraska. Pfeil ulti-mately filed a claim for workers' compensation benefits as a result

of the injuries he incurred. At that time, Pfeil was represented by counsel, but retained new counsel on December 11, 2002.

On that date, Pfeil's new counsel contacted a company retained by the State to investigate and adjust tort claims filed against the State. The purpose of the communication was to determine whether a claim had been filed against the State by Pfeil's initial counsel on behalf of either Pfeil or his employer. Through a representative, the company declined to provide such information, though the parties stipulated that the existence of such a claim would have been known to the company.

As a result of the inability to determine whether a claim had been filed, a claim was filed with the Board on Pfeil's behalf on December 12, 2002. On that same date, Pfeil also filed a petition against the State in the district court. The parties stipulated that if Pfeil or his counsel were called, each would testify that the claim and petition were filed on the same day because the deadline for filing both expired on December 16, 2002, or 2 years after the accident, see § 81-8,227, and that counsel was unaware of whether the necessary claim had been filed. The parties also stipulated that if called, Pfeil or his counsel would testify that the petition filed in district court was not intended to withdraw the claim filed before the Board.

On June 23, 2003, Pfeil sent a letter to the Board withdrawing his claim due to the State's failure to act upon the claim within 6 months. See § 81-8,213. On June 24, Pfeil filed an amended petition in the district court. In its answer, the State alleged as its second affirmative defense that Pfeil failed to comply with the Act.

Upon Pfeil's motion, the district court held a separate trial on the issue of Pfeil's compliance with the Act. The district court concluded that Pfeil had complied with the Act, finding that the petition filed December 12, 2002, was not intended to withdraw Pfeil's claim against the State.

On November 13, 2006, this court issued an order to show cause why this case should not be dismissed for lack of jurisdiction because the district court's order was not a final, appealable order. In its response, the State argues that this appeal affects a substantial right and was made during a special proceeding, and is thus final.

## ASSIGNMENTS OF ERROR

On appeal, the State assigns that the district court erred in determining Pfeil had complied with the Act.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Id.*

An order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001). See, also, Neb. Rev. Stat. § 25-1902 (Reissue 1995).

As an initial matter, we note that the order denying the State's affirmative defense did not determine the action or prevent a judgment since the denial of the defense in fact allowed Pfeil's suit to continue. In addition, the order was not made on summary application in an action after judgment was rendered. See, generally, *Keef v. State, supra*. Nor does the State contend that one of these two categories is applicable. The initial question presented here is whether the district court's order was made during a special proceeding.

### Was District Court's Order Made in Special Proceeding?

For the purposes of § 25-1902, a special proceeding includes every special statutory remedy which is not in itself an action. *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004). A judgment rendered by the district court that is merely a step or proceeding within the overall action is not a

special proceeding. *Id.* A special proceeding which affects a substantial right is, by definition, not part of an action. *Id.* Generally, a "special proceeding," within the meaning of § 25-1902, entails civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *Keef v. State, supra.* Examples of special proceedings include juvenile court proceedings, *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000); probate actions, *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000); and workers' compensation cases, *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999).

The State argues that the district court's order was made during a special proceeding because Pfeil's cause of action arose under the Act, which is codified in chapter 81 and thus is not encompassed in chapter 25 of the Nebraska Revised Statutes.

However, this misapprehends the nature of chapter 81 of the Nebraska Revised Statutes. The intent of the Act was to waive the State's sovereign immunity, thus allowing the State to be sued for the torts of its officers, agents, or employees. See §§ 81-8,209 and 81-8,215. We recognize that some aspects of chapter 81 could be identified as resembling a special proceeding. For example, the Act sets forth presentment and notice requirements with regard to allowable tort claims. See §§ 81-8,212 and 81-8,213. These requirements allow the State the opportunity to consider claims prior to the institution of suits against it. We conclude, however, that a reading of the Act as a whole indicates that once suit is instituted, an action against the State is intended for the most part to be treated as any other negligence action. This intent is expressed in § 81-8,216, which provides that the district courts shall follow the rules of civil procedure applicable to private litigants in actions against the State. The denial of an affirmative defense would be treated as interlocutory and, as such, not final in such instances. See, generally, *Keef v. State, supra.*

In this case, Pfeil has alleged a negligence cause of action against the State. Beyond the presentment and notice condition precedents set forth in chapter 81, Pfeil's tort action against the State follows the procedures set forth in chapter 25 of the Nebraska Revised Statutes. We therefore conclude that Pfeil's action is encompassed by chapter 25, and the district court's order

denying the State's affirmative defense was not made in a special proceeding.

Having concluded that the district court's order was not made during a special proceeding, we conclude that the State's appeal was not from a final, appealable order. As such, this court lacks jurisdiction to consider this appeal.

## CONCLUSION

Based on the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.