*In re* MARRIAGE OF MARIA C. BRAZAS, Petitioner-Appellee, and WES-LEY J. BRAZAS, JR., Respondent-Appellant.

Second District    No. 2—95—0790

Opinion filed February 28, 1996.—Rehearing denied April 2, 1996.

Wesley J. Brazas, Jr., of Hampshire, appellant *pro se.*

No brief filed for appellee.

Jeffrey B. Rifken, of Brittain & Ketcham, P.C., of Elgin, guardian *ad litem.*

JUSTICE INGLIS delivered the opinion of the court:

Respondent, Wesley J. Brazas, Jr., appeals the order of the circuit court of Kane County which denied his motion to vacate a judgment entered while he was serving on reserve duty. We reverse.

On March 11, 1993, petitioner, Maria C. Brazas, filed a petition for dissolution of marriage. The case proceeded to trial on August 1, 1994. The hearing was continued from time to time, and on February 21, 1995, a petition was filed requesting that respondent pay for the cost of a real estate appraisal of the parties' marital residence.

It would appear from the record that prior to the filing of this petition testimony was produced which valued the marital residence at between $140,000 and $145,000. Respondent, however, in direct contravention of a court order, caused a quitclaim deed to be recorded which allegedly extinguished an easement for ingress and egress to the marital residence. The quitclaim deed was executed by respondent in favor of his parents, Wesley J. Brazas, Sr., and Dolores M. Brazas. It is unclear whether respondent's actions in executing the quitclaim deed significantly affected the value of the parties' marital residence.

On April 27, 1995, the trial court entered an order which directed that respondent pay petitioner's attorney the sum of $750 within 14 days so that her attorney could hire an expert witness to ascertain what effect respondent's actions had on the value of the marital residence. The trial court was going to set a trial date for June 1, 1995, but respondent informed the court in the presence of petitioner's attorney that he would be serving on reserve duty and would be unable to appear in court on that date. The court scheduled a trial date of June 16, 1995.

Respondent failed to pay the $750, and on May 26, 1995, petitioner's attorney mailed a notice of hearing on a motion for judgment, which hearing was set for June 1, 1995. The notice was mailed at 5 p.m. on Friday, May 26. The following Monday, May 29, was Memorial Day and, thus, there was no mail service. Petitioner's motion alleged that respondent had not yet paid the $750 and requested that the court enter a judgment against respondent in the amount of $750. Neither respondent nor his attorney was able to attend the hearing on June 1, 1995. Respondent was serving on reserve duty as he had previously notified the court and counsel. Respondent's counsel did not receive notice of the hearing until the morning of June 1, 1995. The court entered judgment against respondent on

June 1, 1995, and specifically found that there was no just reason to stay appeal from or enforcement of the above judgment.

On June 16, 1995, respondent filed a motion to vacate the judgment entered on June 1, 1995, stating that he had been on reserve duty. At a hearing on that same date, the trial court inquired as to the nature of respondent's legal defenses to the judgment. Respondent's counsel responded that the judgment should be vacated because (1) the Soldiers' and Sailors' Civil Relief Act of 1940 (SSCRA) (50 U.S.C.A. app. § 501 *et seq.* (West 1990)) precluded the trial court from entering the judgment and (2) respondent did not have the money to pay the judgment. This appeal followed.

We note that petitioner has chosen not to file a brief in this proceeding. Respondent argues that the trial court erred in entering a judgment against him while he was in military service outside of the State of Illinois.

The SSCRA provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter *** shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act[,] *** unless, in the opinion of the court, the ability of *** the defendant to conduct his defense is not materially affected by reason of his military service." 50 U.S.C.A. app. § 521 (West 1990).

The provisions of the SSCRA apply to military reservists. See *Stephan v. United States*, 490 F. Supp. 323, 325 (W.D. Mich. 1980). The SSCRA confers substantial rights and should be liberally construed. *Continental Illinois National Bank & Trust Co. v. University of Notre Dame du Lac*, 394 Ill. 584, 589 (1946). While a trial court does have the discretion as to whether to grant a stay or continuance, a person's absence when his rights and liabilities are being adjudged is usually *prima facie* prejudicial. See *Continental*, 394 Ill. at 590.

In the case at bar, respondent informed the court that he would be unavailable on June 1, 1995, because he would be on reserve duty. Petitioner's attorney was present in court when respondent made this representation. Petitioner's attorney then proceeded to notice up the motion for judgment on the same date that respondent had previously indicated he would be on reserve duty. Further, petitioner's attorney sent notice of the hearing late on a Friday afternoon before a holiday weekend.

After having examined the facts in the case at bar, we find that the trial court abused its discretion in entering the judgment against respondent while he was on reserve duty. While we recognize that re-

4

spondent had failed to pay the court-ordered $750, petitioner and the trial court should have deferred judgment until respondent finished serving reserve duty.

We recognize petitioner's exasperation in attempting to obtain respondent's compliance with the court's order. However, we will not condone the actions of petitioner's counsel in setting a hearing date while respondent was serving on reserve duty in light of the protections afforded military personnel by the SSCRA. Mailing the notice late Friday afternoon on a holiday weekend, although seemingly proper, appears calculated to deny respondent's counsel a fair opportunity to be present when the motion was presented.

Thus, the judgment of the circuit court of Kane County is reversed.

Reversed.

McLAREN, P.J., and HUTCHINSON, J., concur.