277 Neb. 456
LUCILLE KILGORE, APPELLEE AND CROSS-APPELLANT,
v.
NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES AND THE STATE OF NEBRASKA, APPELLANTS AND CROSS-APPELLEES, AND
LEEANNA CARR AND MELVIN WASHINGTON, APPELLEES.
No. S-08-481.
Supreme Court of Nebraska.
Filed March 27, 2009.
Jon Bruning, attorney General, Stephanie Caldwell, and Frederick J. Coffman for appellants.
Raymond R. Aranza and Leanne a. Gifford, of Scheldrup, blades, Schrock, sand & Aranza, P.C., for appellee Lucille Kilgore.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
McCORMACK, J.

NATURE OF CASE
In the underlying action, the court entered judgment in the amount of $447,005 in favor of Lucille Kilgore and against the state of Nebraska and the Nebraska Department of Health and Human services (DHHS). DHHS and the state appeal. We conclude that DHHS and the State's appeal from the court's order was an appeal from a nonfinal order, because the court did not determine all the issues before it, including whether Kilgore was entitled to attorney fees.

BACKGROUND
In 2004, Kilgore commenced this action against DHHS, the Nebraska Department of Correctional Services (DCS), the State of Nebraska, Leeanna Carr, and Melvin Washington, claiming she was taken advantage of and manipulated into working without pay. Kilgore requested damages for pain and suffering, past compensation, and attorney fees.
For over 30 years, Kilgore performed the tasks of a fulltime juvenile parole services officer without receiving any compensation. Kilgore alleged that for over 30 years, she performed a significant amount of the duties and responsibilities of Washington, an employed parole officer. By 1983, Kilgore was working at least 70 hours per week and was doing most if not all of Washington's work. Some of the duties Kilgore performed for Washington included typing his reports, monitoring the curfew of his parolees, and other administrative work at Washington's request. Kilgore alleged that Washington took advantage of her and that Carr, his supervisor, was aware of this abuse.
In her complaint, causes of action Nos. 1, 2, and 6 were directed at defendants DHHS, DCS, and the State. Cause of action No. 1 was dismissed by summary judgment. Kilgore alleged in cause of action No. 2 that her equal protection rights were violated, because she was not afforded the same treatment as other employees that received compensation for their services. In cause of action No. 6, Kilgore alleged that she was an employee pursuant to federal and state minimum wage laws and is entitled to money damages equal to the salary paid to Washington beginning from the year 2000 until the present time.
Causes of action Nos. 4 and 5 were directed at only Washington. Kilgore alleged in cause of action No. 4 that she was entitled to recover damages from Washington based on unjust enrichment. And in cause of action No. 5, Kilgore alleged breach of contract.
Cause of action No. 3 was directed at both Washington and Carr. Kilgore alleged that Washington's and Carr's conduct violated her constitutional rights under color of state law and was entitled to recover damages, pursuant to 42 U.S.C. § 1983 (2000).
Cause of action No. 7 was directed at all of the defendants. In that cause of action, Kilgore claimed the defendants breached their fiduciary duty to her.
Before a trial on the merits, the court, by written order, dismissed DCs as a defendant for lack of jurisdiction. On March 10 through 12, 2008, the court held a bench trial. On the first day of trial, the court announced default judgment against Washington and stated it would postpone its determination of damages until after the trial.
Before closing arguments, DHHS and the state renewed their motion for summary judgment in regard to any claim against them brought under 42 U.s.C. § 1983, arguing that any such claim is barred by sovereign immunity. Additionally, DHHs and the state argued that any claim under the federal Equal Pay Act (EPA) was barred by sovereign immunity. The trial court overruled this motion as to any claim pursuant to the EPA but granted the motion as to any claim against DHHS or the state pursuant to § 1983. A review of the second amended petition reveals that no claim for violations of § 1983 was alleged against DHHS or the state.
Carr made an oral motion asking the court to dismiss the cause of action alleging § 1983 violations against her. The court granted this motion, concluding that Kilgore failed to produce sufficient evidence that Carr had violated Kilgore's constitutional rights. Additionally, the trial court concluded that Carr did not owe a fiduciary duty to Kilgore. Thus, the court announced a directed verdict in favor of Carr as to causes of action Nos. 3 and 7.
After the close of evidence, the court announced its ruling from the bench. The court concluded that Kilgore effectively became an employee in the year 1983 for purposes of the federal Fair Labor standards Act. Additionally, the court determined that under the EPA, Kilgore did not receive pay equal to that of what other males, including Washington, were receiving. The court took the matter of damages under advisement and stated that it was "not specifically including the second cause of action [equal protection violations] in its ruling." Before adjourning, the trial court also indicated it would make a determination regarding attorney fees after calculating Kilgore's damages.
In summary, the trial court announced its judgment as follows: (1) granted default judgment against Washington and in favor of Kilgore but did not determine the amount of damages; (2) granted the State's renewal of its motion for summary judgment regarding any cause of action alleged against the State based on § 1983, when in fact, no cause of action based on § 1983 was alleged against the State, but overruled the State's motion as to the claim under the EPA; and (3) granted a directed verdict in favor of Carr relating to causes of action Nos. 3 and 7.
On March 18, 2008, the court entered its written order. In that order, the court stated, "[f]or the reasons stated on the record in open court this Court found in favor of [Kilgore] and against [DHHS] and the State of Nebraska on her claims under the theories of unjust enrichment, [the EPA,] and Fair Labor Standards Act." The trial court awarded Kilgore $447,005 in damages. Our review of the second amended petition reveals that Kilgore did not assert a cause of action against DHHS or the State based on unjust enrichment. The order was brief and did not make any express determinations regarding the finality of its judgment pursuant to Neb. Rev. Stat. § 25-1315 (Reissue 2008).
The written order (as opposed to the oral announcements) did not mention any judgment regarding Washington or Carr, and the court did not make any determination as to the issue of attorney fees.
On March 21, 2008, Kilgore filed an application for attorney fees with the court, and a few days later, DHHS and the State filed a motion for new trial. The court denied their motion, and on May 1, DHHS and the State filed their notice of appeal, and Kilgore cross-appealed.
There is no docket sheet contained in the record. And from our review of the record, we can find no written entries regarding judgment against Washington, Carr, or on the issue of attorney fees.

ASSIGNMENTS OF ERROR
DHHs and the state argue that the trial court erred by concluding (1) that Kilgore was an employee within the meaning of the Fair Labor standards Act; (2) that Kilgore was entitled to relief under the EPA; (3) that Kilgore was entitled to an award of damages under a theory of unjust enrichment; and (4) that DHHs and the state were liable through vicarious liability when the agent, Carr, was not found liable. They also argue that the trial court erred because Kilgore's award for damages violates the EPA's statute of limitations.
On cross-appeal, Kilgore argues that the trial court erred in concluding that DHHS and the state (1) were not liable under the Adult Protective services Act and (2) were not negligent.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]

ANALYSIS
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[2] Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte.[3]
We determine that the March 18, 2008, order is not a final, appealable order for two reasons. First, the issue of attorney fees has yet to be decided. Second, the March 18 order entered judgment as to only two of the four remaining defendants. However, this case presents at least one other jurisdictional issue. The March 18 order entered judgment as to at least one but not all of Kilgore's causes of action.

ATTORNEY FEES
Attorney fees, where recoverable, are generally treated as an element of court costs.[4] An award of costs in a judgment is considered a part of the judgment.[5] As such, a judgment does not become final and appealable until the trial court has ruled upon a pending statutory request for attorney fees.[6]
Kilgore properly requested attorney fees in her petition, and at the close of the bench trial, the court announced that it would make its determination regarding attorney fees after it calculated Kilgore's damages. At the time the notice of appeal was filed, the court had determined Kilgore's damages, but had not ruled upon Kilgore's request for attorney fees. The failure of the trial court to rule on Kilgore's request for attorney fees left a portion of the judgment unresolved, and consequently, the order from which DHHS and the State appealed and Kilgore cross-appealed is not final. Thus, we must dismiss this appeal for lack of jurisdiction.

MULTIPLE PARTIES
In this case, there are multiple defendants, thus there are multiple parties. When multiple parties are involved, the requirements of § 25-1315 are implicated. We conclude that the trial court's written order, as opposed to the court's oral announcements in open court, did not direct the entry of final judgment as to all of the defendants.
Section 25-1315 allows an appeal only where multiple causes of action are presented or multiple parties are involved and the trial court expressly directs the entry of a final judgment as to one cause of action or a party and expressly determines that there is no just reason for delay of an immediate appeal. Additionally, to be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Reissue 2008).[7] Under § 25-1902, the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.
Neb. Rev. Stat. § 25-1301 (Reissue 2008) sets forth two ministerial requirements for a final judgment. First, § 25-1301(2) requires rendition of a judgment, which is defined as the act of the court, or a judge thereof, in making and signing a written notation of the relief granted or denied in an action. second, § 25-1301(3) requires the entry of a judgment, which is defined as the act of the clerk of the court in placing the file stamp and date upon the judgment. We have explained that the mere oral announcement of a judgment without an entry on the trial docket is not the rendition of a judgment.[8] In other words, for a final judgment to exist, there must be an order that is both signed by the court and filed stamped and dated by the clerk of the court.[9]
It is clear that the March 18, 2008, written order affects a substantial right which determines the action, thus the written order satisfied § 25-1902(1). However, the written order does not satisfy § 25-1301 or § 25-1315. In the March 18 order, the court entered judgment as to only two of the four remaining defendantsDHHS and the state. But the written order did not enter judgment against Washington or Carr. In fact, the written order did not even mention Washington or Carr. Additionally, our review of the record reveals no evidence of any written entries that purport to enter judgment against Washington or enter directed verdict in favor of Carr.
The trial court's mere oral announcement of its judgment against Washington and its directed verdict in favor of Carr, without a written entry that is signed by the court, filed stamped, and dated, is insufficient to render final judgment. As such, the trial court's written order is not a final, appealable order pursuant to § 25-1315.

CAUSES OF ACTION
Although we have concluded that we lack jurisdiction over this appeal, we briefly address the remaining jurisdictional issue because it is likely to recur. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during future proceedings.[10]
We are uncertain as to which causes of action the court did and did not dispose of. For instance, the court specifically announced in open court that its ruling would not include Kilgore's second cause of action alleging equal protection violations. The written order did not mention the second cause of action. We are unclear whether the court, by not including the second cause of action in its written order, meant to deny recovery based on the alleged equal protection violations or if the court intended to withhold its ruling for a later time. Additionally, the court's written order found in favor of Kilgore and against DHHS and the State based on unjust enrichment; however, Kilgore did not assert a claim of unjust enrichment against DHHS or the State. Because of this, we are unclear as to which causes of action the court, in its written order, actually disposed of.

CONCLUSION
For the reasons stated above, we lack jurisdiction over this appeal.
APPEAL DISMISSED.
MILLER-LERMAN, J., participating on briefs.
NOTES
[1] Poppert v. Dicke, 275 Neb. 562, 747 N.W.2d 629 (2008).
[2] Id.
[3] Keef v. State, 262 Neb. 622, 634 N.W.2d 751 (2001).
[4] Olson v. Palagi, 266 Neb. 377, 665 N.W.2d 582 (2003).
[5] See id.
[6] See, id.; Salkin v. Jacobsen, 263 Neb. 521, 641 N.W.2d 356 (2002).
[7] See Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007).
[8] See Fritch v. Fritch, 191 Neb. 29, 213 N.W.2d 445 (1973).
[9] See, § 25-1301; State v. Brown, 12 Neb. App. 940, 687 N.W.2d 203 (2004).
[10] State v. Jim, 275 Neb. 481, 747 N.W.2d 410 (2008).