783 N.W.2d 763 (2010)
280 Neb. 59
Terry CARMICHEAL, appellee,
v.
Tracy ROLLINS, appellant.
No. S-09-775.
Supreme Court of Nebraska.
June 18, 2010.
*764 Robert Wm. Chapin, Jr., Lincoln, for appellant.
*765 Eddy M. Rodell, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
Tracy Rollins appeals the temporary grant of custody to Terry Carmicheal, the father of her child. Rollins alleges that the Lancaster County District Court did not have jurisdiction to enter the temporary order under the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. app. § 501 et seq. (2006). Rollins further alleges that the district court erred when it granted Carmicheal's petition for child support while she is deployed on active duty. Carmicheal argues that the district court had jurisdiction, that the SCRA does not apply to these circumstances, and that the court's temporary grant of custody is not a final, appealable order within the meaning of Neb.Rev.Stat. § 25-1902 (Reissue 2008). We affirm the order of the district court.

FACTS
An order of paternity, custody, child support, and visitation was entered by the district court for Lancaster County on January 9, 2002, regarding the minor child of Rollins and Carmicheal. Rollins was given primary custody and support of the child at that time. The original order is not part of the record, although the district court took judicial notice of the order.
On April 9, 2009, Rollins filed an application to modify the original order due to a change in circumstances and requested an increase in support. On May 6, Rollins, a member of the U.S. Army Reserves, received orders deploying her overseas for a period of 400 days commencing on July 5. Carmicheal responded to the application to modify by entering a cross-complaint requesting custody of their child and support while Rollins was deployed.
On May 29, 2009, a hearing was held on the motions, including Rollins' motion to stay the proceedings under the SCRA. After that hearing, the district court scheduled an evidentiary hearing for June 17, at which hearing Rollins was present. Following the evidentiary hearing, the district court entered an order denying Rollins' motion to stay under the SCRA because her military duty did not materially affect her ability to appear. The district court then granted temporary custody to Carmicheal while Rollins was on active duty and granted Carmicheal's request for child support while he had custody of the minor child. The court also stated that its order was temporary and was intended only to enforce the original order. Pursuant to that original order, custody of the child would revert to Rollins when she returned from active duty, and Carmicheal would be required to pay Rollins child support as under the original order. Rollins appeals.

ASSIGNMENTS OF ERROR
Rollins assigns that the district court erred in (1) finding that it had jurisdiction to hear the case, (2) not allowing her to exercise her family plan as submitted to the Army, and (3) awarding child support based on her overseas pay and not on her average income for a 3-year period.

STANDARD OF REVIEW
Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion.[1]

*766 ANALYSIS

DENIAL OF MOTION TO STAY UNDER SCRA IS FINAL, APPEALABLE ORDER
Because Carmicheal has alleged that we do not have jurisdiction, we first turn to the question of whether the trial court's order was final and appealable. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[2] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken.[3] The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.[4]
We have held that a proceeding regarding custody determinations is a special proceeding.[5] However, we have not previously addressed whether the denial of a stay under the SCRA is an order affecting a substantial right. We find that it is.
One of the articulated purposes of the SCRA is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service."[6] The SCRA is also intended to "strengthen... and expedite the national defense" by enabling persons in the military service "to devote their entire energy to the defense needs of the Nation."[7] The protections afforded by the SCRA are intended to be far ranging, applying to "any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to [the SCRA]."[8] Refusal to grant a stay of civil proceedings may result in the precise wrong that the SCRA was intended to prevent. In effect, if a servicemember is unable to defend himself or herself, he or she could be subjected to a default judgment, or other legal penalty, while serving his or her country.[9] Therefore, we find that the denial of a stay affects a substantial right.

TRIAL COURT DID NOT ERR WHEN IT DENIED ROLLINS' MOTION TO STAY
Having determined that Rollins' appeal is properly before us, we next turn to the question of whether the trial court erred when it denied Rollins' motion to stay. Section 522(a) states that "[t]his section applies to any civil action or proceeding... in which the plaintiff or defendant at the time of filing an application under this section ... (1) is in military service or is within 90 days after termination of or release from military service." A servicemember can request a stay under § 522 at any stage before final judgment in a civil proceeding to which the servicemember is a party. Upon application by the servicemember for a stay the court "shall ... stay the action for a period of not less than *767 90 days, if the conditions in paragraph (2) are met."[10]
In order to qualify for a stay of the proceedings, the servicemember shall include "[a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear."[11] The servicemember is also required to include a "letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter."[12]
With the requirements set forth in the SCRA in mind, we also consider case law from other states addressing requests for a stay under the SCRA. Although we note Rollins argues that the request for a stay under the SCRA deprives a court of jurisdiction, she has provided no case law to support that argument. And, as one court noted, granting a stay merely holds the case in abeyance until the servicemember can return to defend herself.[13] A request for a stay, or the grant of a stay, does not affect whether a court has jurisdiction.[14]
On May 28, 2009, Rollins filed a motion to stay as part of her affidavit in opposition to Carmicheal's request for temporary custody and support. In her affidavit, Rollins attested that she would be on maneuvers until May 31, but would return to Nebraska and remain in the state until approximately July 5. Rollins' commanding officer also submitted a letter attesting that Rollins would be unavailable to take part in court proceedings. However, the record indicates that Rollins was able to appear at the hearing which took place on June 17. As such, the district court found that her military service did not materially affect her ability to appear.
We find that while Rollins complied with the requirements of the SCRA to request a stay, she has not demonstrated that her service materially affected her ability to appear. In fact, Rollins did appear during the period of time she indicated that she would be present in Lincoln before being deployed. Therefore the district court did not err in determining that Rollins was not entitled to a stay under the SCRA.

ROLLINS' REMAINING ASSIGNMENTS OF ERROR
We need not address Rollins' other assignments of error. As previously noted, the denial of a stay under the SCRA is a final order under these circumstances. The grant of temporary custody and child support must be considered separately, and it is not a final order.[15] As in Steven S. v. Mary S.,[16] where the temporary custody order was contingent on an outside event, the trial court's order is contingent upon Rollins' deployment. Custody will revert to Rollins upon her release from active duty, and Carmicheal will resume paying child support. Furthermore, as the district court noted and all parties conceded, the original order provides that custody of the parties' minor child will be with Carmicheal while Rollins is on active duty. Under these circumstances, the trial court's order is not final, but is a temporary *768 order that merely enforces the original order of custody and support.

CONCLUSION
We find that the denial of a stay under the SCRA is a final, appealable order, but that Rollins was not entitled to a stay because her service did not materially affect her ability to appear. We consider the temporary order of custody separately, however, and under prior case law, a temporary order of custody is not a final, appealable order. Therefore, we do not reach Rollins' other assignments of error, and we affirm the decision of the district court.
AFFIRMED.
CONNOLLY, J., concurring in part, and in part dissenting.
I concur in the majority's holding that Rollins could appeal from the district court's order denying her motion to stay the child custody proceedings. But I disagree with the reasoning for that conclusion. And I dissent from the majority opinion's holding that Rollins could not appeal from the modification order temporarily changing custody and support obligations until Rollins' military deployment ends.

THE SCRA ORDER IS FINAL BECAUSE IT DISPOSED OF EVERY ISSUE
The majority opinion concludes that Rollins could appeal because custody proceedings are special proceedings and because the court's refusal to grant a stay "may" result in an order adversely affecting a servicemember's civil rights. I agree that the Servicemembers Civil Relief Act (SCRA)[1] is intended to prevent the imposition of orders that adversely affect a servicemember's civil rights during his or her military service. But under Neb.Rev. Stat. § 25-1902 (Reissue 2008), a special proceeding order is final only if it affects a substantial right.
Although parents have a constitutionally protected interest in the care, custody, and control of their children,[2] Rollins appeared at the child custody hearing, and her right to be heard on the custody issue was obviously not affected by the SCRA order. And orders that simply move a case forward to trial do not affect a substantial right.[3] In short, the order denying a stay did not affect a "substantial right" in the manner that we have often interpreted that term under § 25-1902. I concede navigating the appellate swamp of special proceedings and nailing down what is a substantial right can be perplexing. But in this case, I believe Rollins can appeal under § 25-1902 because the order completely disposed of the issue in the SCRA proceeding.
Initially, it appears that the majority opinion fails to separately consider whether the orders from the SCRA proceeding and custody proceeding were issued in a special proceeding. The first issue is whether Rollins could appeal from the SCRA order denying a stay of the custody proceeding. And that issue is separate from whether she could appeal from the temporary custody order.
Under § 25-1902, an appellate court may review three types of final orders: (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting *769 a substantial right made on summary application in an action after a judgment is rendered.[4]
Obviously, a SCRA proceeding is not limited to custody proceedings and is not a necessary step in such proceedings. Instead, it is a stand-alone, federally authorized proceeding, which is similar in effect to a motion to stay judicial proceedings and compel arbitration. Both types of motions invoke a procedure that can result in an order to postpone (or to dismiss in arbitration cases) the main action for reasons that exist independently of the parties' dispute. The proceeding is authorized regardless of whether a pleading raises the right to a stay (or dismissal). And the order in either procedure does not resolve the parties' dispute.[5]
We have held that motions to compel arbitration are special proceedings because they are a specific statutory remedy that is not itself an action or a step or proceeding within the over-all action.[6] Under that definition, I believe a motion to stay a judicial proceeding under the SCRA is similarly a special proceeding. But to be appealable, an order in a special proceeding must also affect a substantial right.[7] In an arbitration case, we have held that if the Legislature has not specifically authorized an appeal from an arbitration order,[8] whether a party can appeal from the order depends upon whether it affects a substantial right.[9]
We have often stated that a substantial right is an essential legal right, not a mere technical right.[10] A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant before the order from which he or she is appealing.[11] But our statements have been criticized as failing to provide consistent guidance for determining when an order from a special proceeding is final.[12] And our recent arbitration cases show that a substantial right has more than one meaning.
In Webb v. American Employers Group,[13] we held that an order denying the insurer's motion to compel arbitration affected a substantial right in a special proceeding because it prevented the insurer from enjoying the contractual benefit of its agreement to arbitrate disputes. In Webb, we interpreted substantial right to mean the insurer's contractual right. In other special proceedings, we have similarly placed emphasis on the right adversely affected by the order.
For example, in juvenile cases, detention, adjudication, and disposition orders are final and appealable because each stage of the proceeding affects parental rights.[14] Appellate review of state interference in the parent-child relationship *770 cannot wait until the court ultimately determines compliance with a rehabilitation plan or decides whether to reunite the family or terminate parental rights. Both juvenile cases and probate cases are examples of what one commentator has called multi-faceted proceedings: long-term proceedings resolving interrelated issues at different stages of the proceedings.[15] In appeals from multifaceted proceedings, I believe the focus should be on whether an order's effect on the parties' rights is significant enough to require immediate appellate review even if other issues are left to be resolved.[16]
But hearings to compel arbitration or stay judicial proceedings, like other special proceedings, are not a part of a whole. They are stand-alone proceedings intended to resolve discrete issues. Unlike multifaceted proceedings, they do not involve protracted litigation of interrelated issues. And our identification of the substantial right in Webb as a contractual right conflicts with another recent arbitration case. These cases illustrate that we have sometimes struggled to define a substantial right in stand-alone special proceedings.
In State ex rel. Bruning v. R.J. Reynolds Tobacco Co.,[17] the State appealed from the trial court's order granting the defendants' motion to compel arbitration and dismissing the State's declaratory judgment action. We concluded this was also a final order. But instead of focusing on the State's substantial right as we had in Webb, we focused on the relief granted in the special proceeding:
Because "the contractual benefit of arbitrating the dispute between the parties [under the federal Arbitration Act] as an alternative to litigation" is ordinarily a substantial right ... and because the court dismissed the declaratory judgment action, we determine that under § 25-1902, the order was a final order of the first type, i.e., one which affected a substantial right and which determined the action and prevented a judgment. The order to dismiss the action determined the action and prevented the State from receiving the declaratory judgment that it sought. We therefore conclude that under § 25-1902, the order is a final order for purposes of appeal.[18]
Our conclusion that the order prevented a declaratory judgment was correct. But on further reflection, I believe we should not have focused on the relief granted but on whether the order disposed of all the issues. Because we decided the issue on the trial court's dismissal of the main action, the order lost its characterization as a special proceeding order and became an order issued within an action. And we normally hinge our substantial right determinations on whether the order adversely affected a substantial right of the appellant.[19] This determination follows from the rule that only a party aggrieved by an order or judgment can appeal.[20]
But in State ex rel. Bruning, the State's substantial right adversely affected by the order could not have been the State's contractual *771 right to arbitrate. Instead, the case is an example of the difficulty of dealing with a final order statute that requires the order to affect an appellant's substantial right.[21] But I believe that we should resolve this problem by incorporating the meaning of a substantial right under the first category of § 25-1902an order affecting a substantial right in an action.
As stated, final orders under the first category comprise orders that are issued during a step in an action and that dispose of all the issues, thus preventing a final judgment. Most notably, we have held that a summary judgment proceeding is a step or proceeding within the overall action, not a special proceeding.[22] Orders overruling motions for summary judgment are not appealable, and orders granting partial summary judgment are not appealable unless they decide the action and prevent a judgment.[23]
To be a "final order" under the first type of reviewable order, an order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when no further action of the court is required to dispose of the pending cause; however, if the cause is retained for further action, the order is interlocutory.[24]
In short, if the court retains the cause for any further purpose, we will not review the order until the court issues a final judgment in the action.[25] For final orders under the first category, we do not normally analyze the substantial right adversely affected by the order except to sometimes conclude that the order disposed of the appellant's claims.[26] But, clearly, no substantial right is affected by an order under the first category until the court disposes of every issue in the action. So, under the first category of final orders, we implicitly assume that the order affects the substantial right of a party not to be bound by an adverse order that has the effect of a final judgment without an opportunity to appeal.
In recent decisions, we have applied a similar reasoning to determine whether an order was final under the second category of § 25-1902. We recognized that a special proceeding order was final because it disposed of all the issues or, conversely, was not final because the trial court had not yet determined the ultimate issue.[27]
It appears that our concern about the loss of appellate review also explains why we permit an appeal from some special proceeding orders without analyzing the substantial right adversely affected. For example, we have permitted the State to appeal from writs of habeas corpus, which are issued in a special proceeding, without examining whether the order adversely affected a substantial right.[28] In these *772 cases, the State's right to appeal is best explained by the finality of an order in a stand-alone proceeding that completely disposed of the State's claim that the inmate was not entitled to the writ. Without an opportunity to appeal the order, the State's substantial right to appellate review is lost.
The same reasoning explains why the State could appeal in State ex rel. Bruning. The order adversely disposed of its claim that it could not be forced to arbitrate, and no other issues were pending before the court in that proceeding. So, as with final orders under the first category of § 25-1902, the State's substantial right was the right not to be bound by an order adversely affecting its claim without an opportunity for appellate review.
Recognizing a substantial right to appellate review would avoid creating another special proceeding problem. By holding that the SCRA order was appealable because it completely disposed of the issues raised in a discrete special proceeding, we would avoid opening the door to appeals from special proceeding orders that "may" affect a substantial right. Therefore, I believe we should permit appeals from orders disposing of every issue in a stand-alone special proceeding based on the finality of the order. Orders from stand-alone special proceedings are distinguishable from orders affecting an "essential legal right" in a multifaceted proceeding that has interrelated stages and may require appellate review even if the order does not dispose of every issue. But in this appeal, a rule recognizing a substantial right to appellate review of an order disposing of all the issues in a discrete special proceeding would lead to the same conclusion regarding the SCRA order. So, I concur in the majority's judgment that Rollins could appeal from the SCRA order.

MODIFICATION ORDER IS FINAL BECAUSE IT DISPOSED OF EVERY ISSUE
Applying the same reasoning, I believe that Rollins can appeal from the modification order temporarily ordering changing child custody and child support. We have held that a hearing to modify a child custody order is a special proceeding.[29] Arguably, it more properly falls under the third category of special proceedings: an order affecting a substantial right made on summary application in an action after a judgment is rendered. But in either case, of course, the order must affect a substantial right. Relying on our decision in Steven S. v. Mary S.,[30] the majority opinion concludes that when a temporary custody order is contingent upon an outside event, it is not final. I disagree with this statement.
In Steven S., the dissolution decree awarded the father primary custody of the parties' twin girls. Both parties filed applications to modify the decree, accusing each other of abusing the children. After an investigation, the Nebraska State Patrol determined the accusations against the father were unfounded and arrested the mother for sexual assault on a child. After a hearing, the court ordered both parties to have psychological evaluations and the mother to have an extensive evaluation. It suspended the mother's visitation rights until further order.
In determining whether the order was final, we concluded that it was appropriate to look to juvenile cases for guidance in determining whether a denial of custody *773 and visitation affects a substantial right. We relied on a case in which we considered whether a parent could appeal from an ex parte order removing a child from its parent's custody pending a detention hearing: "`"[T]he question ... whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed."'"[31]
Relying on the general principle that the length of interference with parental rights is critical, we concluded that the court's order only suspended the mother's visitation pending her psychological evaluation and the psychologist's recommendation on permanent custody: "Because [the mother's] relationship with the children will be disturbed for only a brief time period and the order was not a permanent disposition, we conclude that a substantial right was not affected."[32]
If Steven S. is interpreted to mean that we were concerned about the length of any interference in the parent-child relationship, our reasoning in Steven S. would compel the conclusion here that the length of the temporary custody400 daysaffected Rollins' substantial right to maintain custody of her child. More important, I believe Steven S. is another example of the difficulty we encounter by avoiding the more obvious solution to the statutory requirement that an order in a stand-alone special proceeding (or summary application) affects a substantial right.
In juvenile cases, ex parte detention orders permitting a short detention without a hearing do not substantially interfere with a parent's fundamental rights.[33] But those cases are distinguishable from a temporary custody order entered in a custody modification proceeding when the parties are present and adducing evidence. When the parents are present, the due process right to a meaningful opportunity to be heard on the issue is not a concern. And I do not believe we should extend the concern in Steven S. about a temporary severing of visitation rights to temporary custody orders. We do not permit parties to appeal temporary custody orders pending a final marital dissolution decree.[34] In dissolution cases, which we have defined as special proceedings, we have reasoned that temporary custody orders are interlocutory when the court has not determined all of the parties' substantial rights.[35]
Our characterization of marital dissolution proceedings as special proceedings has also been criticized.[36] But even if we had characterized dissolution proceedings as actions, temporary custody orders would still be interlocutory.[37] The interlocutory character of the order in Steven S. is a more consistent rationale for concluding that it was not appealable. The court had not yet decided custody and visitation rights.
In contrast, the order here is not interlocutory and there is nothing left for the court to decide. Its temporary child custody order terminates at a known time and requires that the parties follow its original *774 decree after Rollins' deployment ends. It may appear that a temporary custody change for a defined period would often be moot by the time an appeal reaches this court. But, as this case illustrates, a temporary change in custody is often accompanied by a temporary change in child support obligations. That issue would not be moot. Because in this appeal, the modification order disposes of all the issues raised in the proceeding, I believe it is a final, appealable order. So I dissent from that part of the majority opinion concluding that Rollins could not appeal from the modification order.
NOTES
[1] See Harleysville Ins. Group v. Omaha Gas Appliance Co., 278 Neb. 547, 772 N.W.2d 88 (2009).
[2] Kilgore v. Nebraska Dept. of Health & Human Servs., 277 Neb. 456, 763 N.W.2d 77 (2009).
[3] Steven S. v. Mary S., 277 Neb. 124, 760 N.W.2d 28 (2009).
[4] Id.
[5] See id.
[6] 50 U.S.C. app. § 502(2).
[7] § 502(1). See, also, Lenser v. McGowan, 358 Ark. 423, 191 S.W.3d 506 (2004).
[8] § 512. See, also, In re Marriage of Bradley, 282 Kan. 1, 137 P.3d 1030 (2006).
[9] Lenser, supra note 7; In re Marriage of Brazas, 278 Ill.App.3d 1, 662 N.E.2d 559, 214 Ill.Dec. 993 (1996).
[10] § 522(b)(1).
[11] § 522(b)(2)(A).
[12] § 522(b)(2)(B).
[13] Lenser, supra note 7.
[14] Id.
[15] Steven S., supra note 3.
[16] See id.
[1] 50 U.S.C. app. § 501 et seq. (2006).
[2] See In re Interest of Angelica L. & Daniel L., 277 Neb. 984, 767 N.W.2d 74 (2009).
[3] See Platte Valley Nat. Bank v. Lasen, 273 Neb. 602, 732 N.W.2d 347 (2007).
[4] See Kilgore v. Nebraska Dept. of Health & Human Servs., 277 Neb. 456, 763 N.W.2d 77 (2009).
[5] Compare O'Connor v. Kaufman, 255 Neb. 120, 582 N.W.2d 350 (1998).
[6] See, Webb v. American Employers Group, 268 Neb. 473, 684 N.W.2d 33 (2004); Keef v. State, 262 Neb. 622, 634 N.W.2d 751 (2001).
[7] See § 25-1902.
[8] See Neb.Rev.Stat. § 25-2620 (Reissue 2008).
[9] See State ex rel. Bruning v. R.J. Reynolds Tobacco Co., 275 Neb. 310, 746 N.W.2d 672 (2008).
[10] See, e.g., Miller v. Regional West Med. Ctr., 278 Neb. 676, 772 N.W.2d 872 (2009).
[11] See id.
[12] See John P. Lenich, What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute, 80 Neb. L. Rev. 239 (2001).
[13] Webb, supra note 6.
[14] See, In re Interest of Ty M. & Devon M., 265 Neb. 150, 655 N.W.2d 672 (2003); In re Interest of Phyllisa B., 265 Neb. 53, 654 N.W.2d 738 (2002).
[15] See Lenich, supra note 12. See, also, In re Interest of Michael U., 273 Neb. 198, 728 N.W.2d 116 (2007).
[16] Compare In re Estate of Potthoff, 273 Neb. 828, 733 N.W.2d 860 (2007), with In re Estate of Rose, 273 Neb. 490, 730 N.W.2d 391 (2007).
[17] State ex rel. Bruning, supra note 9.
[18] Id. at 317, 746 N.W.2d at 678, quoting Webb, supra note 6.
[19] See, e.g., In re Interest of Anthony G., 255 Neb. 442, 586 N.W.2d 427 (1998).
[20] Smith v. Lincoln Meadows Homeowners Assn., 267 Neb. 849, 678 N.W.2d 726 (2004).
[21] See Lenich, supra note 12.
[22] See Keef, supra note 6.
[23] Cerny v. Longley, 266 Neb. 26, 661 N.W.2d 696 (2003).
[24] Rohde v. Farmers Alliance Mut. Ins. Co., 244 Neb. 863, 868-69, 509 N.W.2d 618, 623 (1994). Accord O'Connor, supra note 5.
[25] See, Wagner v. Wagner, 275 Neb. 693, 749 N.W.2d 137 (2008); O'Connor, supra note 5; Rohde, supra note 24.
[26] See City of Omaha v. Morello, 257 Neb. 869, 602 N.W.2d 1 (1999).
[27] See, In re Estate of Potthoff, supra note 16; In re Estate of Rose, supra note 16.
[28] Anderson v. Houston, 274 Neb. 916, 744 N.W.2d 410 (2008); Tyler v. Houston, 273 Neb. 100, 728 N.W.2d 549 (2007). See, also, Neudeck v. Buettow, 166 Neb. 649, 90 N.W.2d 254 (1958).
[29] See, Steven S. v. Mary S., 277 Neb. 124, 760 N.W.2d 28 (2009); State ex rel. Reitz v. Ringer, 244 Neb. 976, 510 N.W.2d 294 (1994), overruled on other grounds, Cross v. Perreten, 257 Neb. 776, 600 N.W.2d 780 (1999).
[30] Steven S., supra note 29.
[31] Id. at 130, 760 N.W.2d at 33-34, quoting In re Interest of Borius H. et al., 251 Neb. 397, 558 N.W.2d 31 (1997).
[32] Steven S., supra note 29, 277 Neb. at 131, 760 N.W.2d at 34.
[33] See In re Interest of Anthony G., supra note 19.
[34] See Gerber v. Gerber, 218 Neb. 228, 353 N.W.2d 4 (1984).
[35] See id.
[36] See Lenich, supra note 12.
[37] See, also, Annot., 82 A.L.R.5th 389 (2000).