Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/10/2019 09:06 AM CDT

Kregg Scott Rickert, appellant, v. Melissa
Ring Rickert, now known as Melissa
Ring Walker, appellee.

___ N.W.2d ___

Filed August 27, 2019.    No. A-18-628.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law that an appellate court resolves independently of the trial court.
2. **Trial: Appeal and Error.** The decision of whether to grant a motion to stay a trial is vested in the discretion of the trial court, and its decision will not be overturned on appeal absent an abuse of that discretion.
3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
4. **Armed Forces: Federal Acts: Final Orders: Appeal and Error.** The denial of a stay under the Servicemembers Civil Relief Act is a final, appealable order.
5. **Armed Forces: Federal Acts: Intent.** The purpose of the Servicemembers Civil Relief Act is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the nation.
6. **Armed Forces: Federal Acts.** The Servicemembers Civil Relief Act is not to be used as a sword against persons with legitimate claims, and a court must give equitable consideration of the rights of parties to the end that their respective interests may be properly conserved.
7. **Armed Forces: Federal Acts: Judgments: Appeal and Error.** An appellate court reviews whether an application for stay met the statutory requirements of the Servicemembers Civil Relief Act independent of the district court's findings.

8. **Courts: Actions.** Courts inherently possess the power to stay civil proceedings when required by the interests of justice.
9. **Actions: Proof.** The burden of establishing that a proceeding should be stayed rests on the party seeking the stay.
10. **Trial.** In deciding whether to stay a trial, the trial court should balance the competing needs of the parties, taking into account, among other things, the interest of the courts, the probability that proceeding will work a constitutional violation on the movant, the presence or absence of hardship or inequity, and the burden of proof.
11. **Armed Forces: Federal Acts: Appeal and Error.** It is within the discretion of the trial court to grant a stay if the movant does not comply with the requirements of the Servicemembers Civil Relief Act.
12. **Child Custody: Final Orders: Appeal and Error.** A temporary order of custody is not a final, appealable order.
13. **Armed Forces: Federal Acts: Child Custody.** The grant of temporary custody must be considered separately from a denial of stay under the Servicemembers Civil Relief Act.

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Affirmed.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Adam R. Little, of Ballew Hazen, P.C., L.L.O., for appellee.

Riedmann, Arterburn, and Welch, Judges.

Riedmann, Judge.

## I. INTRODUCTION

Kregg Scott Rickert appeals the temporary grant of legal and physical custody of his minor child to the child's mother, Melissa Ring Rickert, now known as Melissa Ring Walker. Kregg alleges that the Lancaster County District Court erred when it overruled his application for stay under the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3901 et seq. (Supp. V 2017). We affirm the order of the district court.

## II. BACKGROUND

Kregg and Melissa were married in Lincoln in 2010. The couple had one child during their marriage, a son born in 2013. Both Kregg and Melissa were members of the Armed Forces

of the United States, and both were stationed in Okinawa, Japan, in 2014. In 2015, the parties agreed to a separation agreement, whereby Kregg received sole physical custody of the child and the parents had joint legal custody. The Lancaster County District Court entered a decree of dissolution in March 2016, encapsulating the separation agreement.

In 2017, Melissa filed a complaint to modify the decree in which she sought physical custody of the child because Kregg was being relocated to Virginia and she was being relocated to California. She amended her complaint in June 2018, stating that both parties had been relocated as anticipated and seeking physical custody and removal of the minor child to California. Two days later, Melissa filed a notice to take deposition and request for production of documents, seeking to depose Kregg on June 21. She also served a subpoena duces tecum upon Kregg to obtain certain documents to be delivered on June 25.

Kregg obtained new counsel in early June 2018 who filed several motions in response to Melissa's requests, including a motion to dismiss Melissa's complaint, a motion to quash subpoena duces tecum, and an objection to Melissa's notice to take deposition. A hearing was held on June 19.

At the hearing, Kregg's counsel argued that Kregg should not have to appear for a deposition on June 21, 2018. Kregg's counsel stated:

> [Kregg] is an active duty service member. There are provisions of federal law that allow a party who is a service member to apply for a stay, up to 90 days, is the law. We're not doing that here today, we're just asking the Court to sustain the motion for protective order and not require [Kregg] to appear on June 21st . . . .

Later in the hearing, the following exchange occurred:

> THE COURT: But you understand we do have trial on [June] 25th.
>
> [Kregg's counsel]: No, I don't understand that.
>
> . . . .

[Kregg's counsel]: There's no order for trial. There's a — written, signed, filed, endorsed by the clerk with a date stamp saying that there's going to be a trial on June 25th, I checked the public court file, there's nothing that says that. . . .

THE COURT: All right. Well, you weren't party to the last conference that we had; [Melissa's counsel] was, and I think we all decided that . . . we would still go forward with the trial on the 25th.

After the exchange with the court, Kregg's counsel continued to argue that there was not an order stating trial would be held on June 25, 2018. The court overruled Kregg's objection to the notice to take deposition, as well as his motion to quash the subpoena duces tecum, and stated, "We will go forward with the trial on June 25th and 26th."

Kregg did not appear for his deposition, and a hearing was held on June 22, 2018, on Melissa's motion for discovery sanctions. Neither Kregg nor his counsel attended the hearing. At the hearing, Melissa's attorney requested that as a sanction the court approve a list of questions prepared by her that it would deem admitted. In support of her motion, she offered emails she received from Kregg's attorney, advising her that Kregg would not be appearing for the scheduled deposition on June 21 but that Kregg's deposition could be taken on Sunday, June 24. Melissa's attorney rejected that offer because alternate arrangements had been made with the court reporter for a deposition on Saturday, June 23. In response, Kregg's attorney offered to make him available for a telephonic deposition on Saturday, June 23.

The court noted that Kregg failed to comply with Melissa's notice of deposition and the court's order overruling his objection to that notice. Consequently, it granted Melissa's requested sanctions and entered an order accordingly that day.

At 10:14 p.m. on June 22, 2018, Kregg filed an application for stay under § 3932 of the SCRA. As a part of his application for stay, Kregg filed a letter from the "Commanding

Officer, USS Arlington (LPD 24)," which stated in relevant part:

> 1. The USS ARLINGTON (LPD 24) shall be underway the whole month of June 2018. Chief Warrant Officer 2 Kregg Rickert is a member of this command and shall embark with this unit. This letter constitutes a military order to deploy pursuant to 50 U.S.C. Appx 535(i)(1), the Servicemembers Civil Relief Act (SCRA).
>
> 2. The SCRA provides our servicemembers the ability to focus on the command's mission by addressing civil matters that could present financial and legal challenges to individual readiness. Your sacrifice in releasing the servicemember from this contractual obligation is greatly appreciated and is balanced by the servicemembers sacrifice in serving our country.

Kregg also attached a letter which stated:

> I am currently in military service with the United States Armed Forces. Specifically, I am a Chief Warrant Officer 2 of the United States Marine Corps ("USMC"). The USMC is a component of the U.S. Department of Navy. Currently I am embedded in the USS Arlington (LPD-24), a Navy amphibious warfare ship. The USS Arlington's homeport is Naval Station Norfolk in Norfolk, Virginia. The USS Arlington is underway during the entire month of June 2018. This materially affects my ability to appear in the subject proceeding during the month of June 2018. I could appear between July 10, 2018, and July 31, 2018.

Melissa filed an objection to Kregg's application for stay and a motion for temporary custody of the minor child.

The court addressed Kregg's application for stay and Melissa's motion for temporary custody on June 25, 2018, the date that had been set for trial. In response to the court's question as to why he waited until the eve of trial to inform the court that Kregg was unavailable for the month of June, Kregg's counsel stated, "Because I don't think [Kregg] knew

there was a trial . . . and I didn't know there was a trial." Kregg's counsel further stated that Kregg's former attorney did not notify him of a trial date.

Melissa's counsel argued that Kregg's application for stay did not comply with the SCRA statutory requirements, because the letter from his alleged commanding officer did not state that Kregg's current military duty prevented his appearance and that military leave was not authorized for Kregg. She further argued that Kregg's counsel had informed her that Kregg was available for a deposition the day before trial.

Kregg's counsel responded that when he emailed Melissa's counsel about Kregg's availability for a deposition, he did so without confirming Kregg's availability and was not aware that Kregg was unavailable due to his military service. The court took testimony from Melissa regarding her objection to the application for stay and her motion for temporary custody of the minor child. Melissa testified that Kregg had a "FaceTime" parenting call with the minor child on June 21, 2018, and appeared to be at his girlfriend's house because the minor child was heard talking to the girlfriend's dog. Melissa also testified that Kregg indicated to her that he would not be deployed until the fall of 2018.

The court denied the application for stay and granted Melissa temporary legal and physical custody of the minor child. In a subsequent written order denying Kregg's application for stay, the court found that the application was untimely and interposed in bad faith for purposes of delay and harassment. The order stated that the evidence indicated that Kregg was not on board the USS Arlington because Kregg's attorney offered a date of June 24, 2018, for a deposition, it was apparent that Kregg was not on the ship during his "FaceTime" call with the minor child a few days earlier, and Kregg informed Melissa that he would next be deployed in the fall. Furthermore, the court's order stated that trial was scheduled by counsel in the court's chambers on May 18, to accommodate both parties, because they were "stationed on opposite coasts of the

country." Finally, the court determined that Kregg's application for stay did not comply with the requirements of the SCRA, namely because the letter from his commanding officer did not state that his current military duty prevented his appearance and that military leave was not authorized. Kregg timely appealed the court's denial of his application for stay and its order awarding temporary custody of the minor child to Melissa.

## III. ASSIGNMENTS OF ERROR

Kregg assigns, restated, that the district court erred in (1) finding that his application for stay did not satisfy the statutory requirements under the SCRA, (2) denying his application for stay even if it did not satisfy the statutory requirements, (3) considering information extrinsic to his application for stay, and (4) denying him procedural due process.

## IV. STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law that an appellate court resolves independently of the trial court. *Connolly v. Connolly*, 299 Neb. 103, 907 N.W.2d 693 (2018).

[2,3] The decision of whether to grant a motion to stay a trial is vested in the discretion of the trial court, and its decision will not be overturned on appeal absent an abuse of that discretion. See *Schuessler v. Benchmark Mktg. & Consulting*, 243 Neb. 425, 500 N.W.2d 529 (1993). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015).

## V. ANALYSIS

### 1. District Court Did Not Err in Denying Kregg's Application for Stay

Kregg argues that the district court erred in overruling his application for stay under the SCRA after determining that it

did not meet the statutory requirements. Kregg further alleges that the district court erred in refusing to grant his application for stay even if it did not meet the statutory requirements. After reviewing the record, we find that the district court did not err in refusing to stay the proceedings.

[4] We note at the outset that although the court denied the application for stay, it did not take testimony on Melissa's modification petition, nor did it rule on it; rather, it addressed only her motion for temporary orders. In essence, Kregg received the continuance he was requesting. However, the denial of a stay under the SCRA is a final, appealable order. *Carmicheal v. Rollins*, 280 Neb. 59, 783 N.W.2d 763 (2010). *Carmicheal* presented a similar situation in which the application for stay was denied and the court entered a temporary order regarding custody. Because the Nebraska Supreme Court proceeded to address the decision denying the application for stay, we follow the same course.

### (a) Kregg's Application for Stay Did Not Satisfy SCRA Requirements

Kregg asserts that his application for stay complied with the requirements of the SCRA and that thus, the district court erred in overruling it. We disagree.

[5,6] The purpose of the SCRA is to suspend enforcement of civil liabilities of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the nation. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459 (5th Cir. 1995). Nevertheless, the SCRA "is not to be used as a sword against persons with legitimate claims," and a court must give equitable consideration of the rights of parties to the end that their respective interests may be properly conserved. See *id*. at 1462.

Section 3932(a) states that "[t]his section applies to any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing an application under this section . . . (1) is in military

service or is within 90 days after termination of or release from military service . . . ." Section 3932(b) provides that a servicemember can request a stay under § 3932 at any stage before final judgment in a civil proceeding to which the servicemember is a party. See *Carmicheal v. Rollins, supra*. Upon application by the servicemember for a stay, the court "'shall . . . stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.'" *Id*. at 63, 783 N.W.2d at 766-67.

In order to qualify for a stay of the proceedings, the servicemember shall include a "letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." § 3932(b)(2)(A). The servicemember is also required to include a "letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." § 3932(b)(2)(B).

[7] Here, we review whether Kregg's application for stay met the statutory requirements of the SCRA independent of the district court's findings. See *Connolly v. Connolly*, 299 Neb. 103, 907 N.W.2d 693 (2018). First, it is undisputed that Kregg is a member of the U.S. Marine Corps and that thus, he is eligible for a stay under § 3932(a). Next, Kregg complied with § 3932(b)(2)(A) by including a letter from himself indicating that he was on board the USS Arlington, which was underway the entire month of June 2018. Kregg also stated in his letter that he would be available to appear between July 10 and 31, 2018, thus satisfying the SCRA requirement that he state a date when he will be available to appear.

Despite satisfying § 3932(b)(2)(A), Kregg failed to comply with § 3932(b)(2)(B), because the letter from his commanding officer did not state that his current military duty prevented him from appearing and did not state that military

leave was not authorized. The letter from Kregg's commanding officer states that the USS Arlington "shall be underway the whole month of June 2018" and that Kregg "shall embark with this unit." However, the letter does not specifically state that Kregg's military duty would prevent him from attending the hearing, nor does the letter specify that Kregg is unable to obtain military leave to attend the hearing. Additionally, the letter requests that Kregg be released from his "contractual obligation," not from attendance at a legal proceeding. Therefore, Kregg's application for stay did not comply with the statutory requirements of the SCRA.

While we find no Nebraska cases interpreting these requirements of the SCRA, the Supreme Court held in *Hibbard v. Hibbard*, 230 Neb. 364, 367, 431 N.W.2d 637, 640 (1988), that a "mere showing" that the defendant was in the military service was insufficient to obtain a stay under the SCRA's predecessor act. Other states have similarly held that an application for stay under the SCRA must strictly comply with the statutory requirements of the act. See, *Fazio v. Fazio*, 91 Mass. App. 82, 71 N.E.3d 157 (2017); *In re Marriage of Herridge*, 169 Wash. App. 290, 279 P.3d 956 (2012).

In *In re Marriage of Herridge, supra*, the servicemember failed to state a date upon which he would be available to appear and the letter from his commanding officer did not state whether military leave was available to the servicemember. The Washington appellate court determined that these deficiencies did not entitle him to the mandatory stay. It specifically relied upon amendments to the SCRA that now mandate the specific information in support of the request as contained in § 3932(b)(2) above. The court stated that disregarding these requirements "does not honor the plain words of the statute or recognize Congress's purposes in amending the SCRA. Where Congress has expressly stated that specific information must be included in an application for a mandatory stay, it must be assumed that it meant what it said." *In re Marriage of Herridge*, 169 Wash. App. at 300-01, 279 P.3d at 961.

Likewise, Nebraska appellate courts have required strict compliance with statutory notification schemes. See *Rice v. Bixler*, 289 Neb. 194, 854 N.W.2d 565 (2014) (burdens of dormant mineral statutes were not onerous, thus they should be strictly complied with). See, also, *Kellie v. Lutheran Family & Social Service*, 208 Neb. 767, 305 N.W.2d 874 (1981) (strict compliance with adoption statutes is required); *Linch v. Northport Irr. Dist.*, 14 Neb. App. 842, 717 N.W.2d 522 (2006) (strict compliance with statutory requirements for revival of claim).

Thus, we conclude that because Kregg failed to strictly comply with the requirements of the SCRA, the district court did not err in denying his application for stay.

### (b) District Court Did Not Abuse Its Discretion in Refusing to Grant Kregg's Application for Stay

Kregg also asserts that the district court abused its discretion in failing to grant a stay of the proceedings, even though it found his application for stay under the SCRA to be defective. We disagree.

[8-10] Courts inherently possess the power to stay civil proceedings when required by the interests of justice. *Schuessler v. Benchmark Mktg. & Consulting*, 243 Neb. 425, 500 N.W.2d 529 (1993). The burden of establishing that a proceeding should be stayed rests on the party seeking the stay. *Id*. In deciding whether to stay a trial, the trial court should balance the competing needs of the parties, taking into account, among other things, the interest of the courts, the probability that proceeding will work a constitutional violation on the movant, the presence or absence of hardship or inequity, and the burden of proof. *Id*.

[11] Further, other jurisdictions have held that it is within the discretion of the trial court to grant a stay if the movant does not comply with the requirements of the SCRA. See, *In re Marriage of Bradley*, 282 Kan. 1, 137 P.3d 1030 (2006) (where there is failure to satisfy conditions of SCRA, then

granting of stay is within discretion of trial court); *Fazio v. Fazio*, 91 Mass. App. 82, 71 N.E.3d 157 (2017) (trial judge did not abuse discretion in denying stay following incomplete request for stay under SCRA).

The district court did not abuse its discretion in refusing to grant Kregg's application for stay. In its order overruling Kregg's application for stay, the court found that the application was untimely, interposed in bad faith, and for purposes of delay and harassment. The court determined that the evidence indicated that Kregg was not unavailable due to his military service, primarily because Kregg's attorney offered the day before trial as a date to take Kregg's deposition. Melissa testified that Kregg had a "FaceTime" call with the minor child on June 21, 2018, from his girlfriend's house, and Kregg informed Melissa that he would not be deployed until the fall of 2018. The record supports the court's decision, and we find no abuse of discretion in its decision to deny the stay.

Kregg also makes a plethora of arguments asserting that the district court did not properly set a trial date and that consequently, he did not learn of the trial date until June 19, 2018. Kregg further alleges that, because he did not know of the trial, he did not inform the district court he was unavailable for the month of June. However, the district court indicated that at a May 18 conference in the judge's chambers, trial was set for June 25. The court indicated that trial was set for that date to accommodate both parents, as they were "stationed on opposite coasts of the country." While we do not have a record of the May 18 conference, Melissa's counsel represented to the court that Kregg's former counsel confirmed Kregg's availability for the trial date prior to setting it. Thus, we reject Kregg's argument that the district court failed to properly set a date for trial.

Even if we were to find that the district court erred in failing to grant Kregg's application for stay, Kregg was not prejudiced by the court's error, as we alluded to above. A stay under § 3932(b)(1) of the SCRA must be for at least 90 days.

Kregg requested a stay of the proceedings regarding Melissa's petition to modify the separation agreement between the parties. The court's order explicitly states that "the trial was not held today." However, the court did hear evidence regarding Melissa's motion for a temporary order of child custody. As of the time Kregg filed this appeal, a trial on Melissa's petition for modification of the separation agreement had not been held. Thus, Kregg has received a stay of proceedings far longer than the 90 days mandated by the SCRA; therefore, he was not prejudiced by the court's denial of his application for stay.

### (c) Court Did Not Improperly Consider Evidence Extrinsic to Kregg's Application for Stay

Kregg further asserts that the district court erred in considering evidence extrinsic to his application for stay. We disagree.

Nowhere in the SCRA is it indicated that a court cannot consider evidence beyond a party's application for stay. Likewise, Kregg does not point us to any authority holding that courts cannot consider extrinsic evidence on an application for stay. In *Hibbard v. Hibbard*, 230 Neb. 364, 367, 431 N.W.2d 637, 640 (1988), the Supreme Court stated, "The record before this court does not reflect that [the applicant] presented any competent factual evidence, by way of affidavit or otherwise, in support of the stay." Thus, it appears that the trial court was authorized to receive and consider evidence beyond the application for stay filed by the applicant.

To the extent that Kregg argues that his application for stay complied with the statutory guidelines of the SCRA, the district court considered only his application and the supporting letters in determining that the application did not comply with the SCRA. Additionally, the court did not abuse its discretion in considering extrinsic information, such as communication between counsel for both parties and Melissa's testimony, in determining that Kregg's application for stay should not

be granted. Kregg moved the court to stay the proceedings, Melissa objected to his application, and the court heard evidence on the issue to make an informed ruling. We reject Kregg's argument that the district court erred in considering evidence that was extrinsic to his application for stay.

## 2. Kregg's Remaining Assigned Error

[12,13] Kregg's remaining assigned error, that the district court deprived him of procedural due process, relates primarily to the district court's temporary order granting Melissa legal and physical custody of the minor child. However, a temporary order of custody is not a final, appealable order. *Carmicheal v. Rollins*, 280 Neb. 59, 783 N.W.2d 763 (2010). Additionally, the grant of temporary custody must be considered separately from a denial of stay under the SCRA. See *id.* Generally, only final orders are appealable. *Carney v. Miller*, 287 Neb. 400, 842 N.W.2d 782 (2014). Accordingly, we decline to address Kregg's remaining assigned error.

## VI. CONCLUSION

We find no error in the district court's denial of Kregg's application for stay. Because a temporary order of custody is not a final, appealable order, we do not reach Kregg's other assigned error, and we affirm the decision of the district court.

Affirmed.